Scott H. Sims, State Bar No. 234148
Andrew D. Stolper, State Bar No. 205462
FRANK SIMS & STOLPER LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612,
Telephone: (949) 201-2400
Facsimile: (949) 201-2401
astolper@lawfss.com
ssims@lawfss.com

Attorneys for Judgment Creditor
JASON FRANK LAW, PLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>The Trial Group, LLP a/k/a Eagan Avenatti, LLP<br><br>Debtor. | CASE NO. 8:19-BK-10822<br><br>Chapter 11<br><br>**JUDGMENT CREDITOR JASON FRANK LAW, PLC'S EMERGENCY MOTION TO DISMISS CASE OR IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF ANDREW STOLPER** |

Yesterday, at 8:28 p.m., Michael Avenatti ("Avenatti") filed a petition for Chapter 11 bankruptcy purportedly on behalf of The Trial Group LLP, which the petition indicates is an entity also known as Eagan Avenatti, LLP ("EA"). (Doc. 1 attached hereto as Exhibit A.) EA is currently a Judgment Debtor in the action entitled In Re Eagan Avenatti LLP, Case No. 8:18-CV-01644-VAP-KES pending before the Honorable Virginia Phillips and Magistrate Judge Karen Scott in the U.S. District Court for the Central District of California.

On February 13, 2019, Avenatti on behalf of his law firm, EA, stipulated to the appointment of Brian Weiss as a receiver of EA (the "Receiver") and consented to the jurisdiction of Magistrate Judge Karen E. Scott to enter an order appointing the Receiver and to supervise the

Receivership. (Case No. 8:18-CV-01644-VAP-KES, Doc. 52 attached hereto as Exhibit B.) Avenatti did so in exchange for Judgment Creditor Jason Frank Law, PLC ("JFL") agreeing to continue EA and Avenatti's judgment debtor exam scheduled for the following day on February 14, 2019. (Id.) As part of the stipulation, Avenatti agreed the judgment debtor exam of EA and Avenatti would be continued to March 8, 2019 before Judge Scott. (Id.)

On February 13, 2019, Judge Scott entered the Order appointing the Receiver to take over control of EA (the "Order"). (Case No. 8:18-CV-01644-VAP-KES, Doc. 53 attached hereto as Exhibit C.) Pursuant to Paragraph 14(s) of the Order, the Receiver was granted "the *sole* authority regarding whether to file a petition for bankruptcy" on behalf of EA. (Id., p. 8, ¶ 14(s).) The Order further provided the judgment debtor exam of EA and Avenatti would go forward on March 8, 2019. (Id., p. 4, ¶ 2.)

Last night, on March 7, 2019, Avenatti filed the aforementioned petition to place EA into Chapter 11 bankruptcy. (Doc. 1.) Avenatti did so even though he was advised by the Receiver that he did not have the authority to file a petition to place EA into bankruptcy in light of the Receivership. (Declaration of Andrew Stolper ("Stolper Decl."), ¶ 6.) Avenatti then notified the Receiver and counsel for JFL that he would not be appearing for the judgment debtor exam as a result of the automatic bankruptcy stay. (Id., Ex. D.) Counsel for JFL advised Avenatti that it would request a bench warrant for his arrest if he did not appear for the judgment debtor exam. (Id.) Avenatti responded by stating "The court is divested of jurisdiction. It lacks authority to do anything BY LAW!"

Avenatti is wrong. The Ninth Circuit's decision in Oil & Gas Co. v. Duryee, 9 F.3d 771 (9th Cir. 1993) is squarely on point. In Oil & Gas Co., a state court appointed a rehabilitator to take over control of the company. Id. at 772. The company's former president filed a petition to place the company into bankruptcy without the authorization of the rehabilitator. Id. The Ninth Circuit held that because the former president had no authority to file the petition, his action was "null and void" and remanded the case to the district court for "dismissal of the petition as fraudulently filed." Id. at 773.

This is exactly the situation here.  The Receiver was appointed to take over control of EA. (Case No. 8:18-CV-01644-VAP-KES, Doc. 53.)  Pursuant to Paragraph 14(s) of the Order, the Receiver was granted "the *sole* authority regarding whether to file a petition for bankruptcy" on behalf of EA.  (Id., p. 8, ¶ 14(s).)  Avenatti, as the former managing partner, filed the petition without authorization.  Therefore, the petition is "null and void" and must be dismissed as "fraudulently filed."  Oil & Gas Co. v. Duryee, 9 F.3d at 773.

Accordingly, JFL requests this Court immediately dismiss the petition.  In the alternative, JFL requests the Court grant relief from the automatic stay so the judgment debtor exam may go forward.

Dated: March 8, 2019                           FRANK SIMS & STOLPER LLP


                                               By:    /s/ *Andrew D. Stolper*
                                                      Andrew Stolper, Esq.
                                                      Attorneys for Judgment Creditor Jason Frank Law, PLC