## DECLARATION OF ANDREW D. STOLPER

I, Andrew D. Stolper, declare as follows:

1.      I am a partner at Frank Sims & Stolper LLP ("FSS") counsel of record for judgment creditor, Jason Frank Law, PLC ("JFL").  I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2.      Attached as **Exhibit A** is a true and correct copy of the petition for Chapter 11 bankruptcy filed by Michael Avenatti ("Avenatti") purportedly on behalf of The Trial Group LLP, which the petition indicates is an entity also known as Eagan Avenatti, LLP ("EA").

3.      Attached as **Exhibit B** is a true and correct copy of the Joint Stipulation Re Appointment of Receiver and Restraining Order filed on February 13, 2019 in In Re Eagan Avenatti, LLP, Case No. 8:18-CV-01644-VAP-KES, Doc. 52.

4.      Attached as **Exhibit C** is a true and correct copy of the Joint Stipulation and Order Re Appointment of Receiver and Restraining Order issued by the Court on February 13, 2019 in In Re Eagan Avenatti, LLP, Case No. 8:18-CV-01644-VAP-KES, Doc. 53.

5.      Attached as **Exhibit D** is a true and correct copy of email exchanges between me and Michael Avenatti.

6.      Brian Weiss, the Receiver, informed me that he did not authorize Mr. Avenatti to file the petition for bankruptcy on behalf of EA and that the Receiver did not consent to him doing so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing this true and correct.  Executed this 8th day of March 2019.


            _____ /s/ Andrew D. Stolper_____
            ANDREW D. STOLPER

# Exhibit A

Fill in this information to identify the case:

United States Bankruptcy Court for the:

**Central** _____ District of **California**
(State)

Case number (If known): _____ Chapter **11**

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | The Trial Group, LLP |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Trial Group; TRG, LLP <br> EA, LLP; EOA Law <br> Eagan O'Malley & Avenatti, LLP <br> Eagan Avenatti, LLP |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | 3 2 - 0 2 1 0 8 2 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1910 Sunset Boulevard <br> Number    Street | Number    Street |
| Suite 450 | P.O. Box |
| Los Angeles, CA 90026 <br> City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Los Angeles <br> County | Number    Street |
| | City    State    ZIP Code |

| | |
|---|---|
| 5. **Debtor's website (URL)** | Not Applicable |

| | |
|---|---|
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

**Debtor** The Trial Group, LLP                                    Case number (if known) _____
<span style="font-size:smaller">Name</span>

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

5 4 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☐ No

☑ Yes.    District   Central California    When   03/01/2017   Case number  8:17-bk-11961-CB
                                                         MM / DD / YYYY

If more than 2 cases, attach a separate list.

        District _____    When _____    Case number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.    Debtor _____    Relationship _____
        District _____    When _____
                                           MM / DD / YYYY

List all cases. If more than 1, attach a separate list.

        Case number, if known _____

---

Debtor    __The Trial Group, LLP__                                    Case number (if known)_____
                Name

---

11. **Why is the case filed in** *this*
    **district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
immediately preceding the date of this petition or for a longer part of such 180 days than in any other
district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have**
    **possession of any real**
    **property or personal property**
    **that needs immediate**
    **attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without
attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related
assets or other options).

☐ Other _____

Where is the property?_____
                        Number          Street

_____

_____
City                                    State       ZIP Code

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact name    _____

Phone           _____

---

**Statistical and administrative information**

---

13. **Debtor's estimation of**
    **available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

14. **Estimated number of**
    **creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

15. **Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

8

| Debtor | The Trial Group, LLP | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

◻ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

◻ I have been authorized to file this petition on behalf of the debtor.

◻ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/07/2019
                   MM   / DD / YYYY

✗ _____          Michael J. Avenatti
Signature of authorized representative of debtor     Printed name

Title **Attorney**

**18. Signature of attorney**

✗ _____          Date    03/07/2019
Signature of attorney for debtor                          MM   / DD / YYYY

Michael J. Avenatti
Printed name

Firm name

1901 Sunset Boulebard, Suite 450
Number      Street

Los Angeles                                        CA        90026
City                                               State     ZIP Code

949-706-7000
Contact phone                                      Email address

206929                                             CA
Bar number                                         State

9

# Exhibit B

1  Scott H. Sims, State Bar No. 234148
   Andrew D. Stolper, State Bar No. 205462
2  FRANK SIMS & STOLPER LLP
   19800 MacArthur Boulevard, Suite 855
3  Irvine, California 92612,
   Telephone:     (949) 201-2400
4  Facsimile:     (949) 201-2401
5  astolper@lawfss.com
   ssims@lawfss.com
6
   Attorneys for Judgment Creditor
7  JASON FRANK LAW, PLC

8

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12
   In re                                  Case No.  8:18-CV-01644-VAP-KES
13
   EAGAN AVENATTI, LLP,                   **JOINT STIPULATION RE APPOINTMENT**
14                                        **OF RECEIVER AND RESTRAINING**
   Debtor.                                **ORDER**
15
16                                        *[[Proposed] Order Filed Concurrently herewith*]

17

18

19

20

21

22

23

24

25

26

27

28

                                    -1-        JOINT STIPULATION RE APPOINTMENT OF
                                               RECEIVER AND RESTRAINING ORDER

1                                 **STIPULATION**

2         This Stipulation is entered into by and between Judgment Debtor Eagan Avenatti, LLP

3 ("EA") and Michael Avenatti ("Avenatti"), on the one hand, and Judgment Creditor Jason Frank

4 Law, PLC ("JFL"), on the other hand (collectively, the "Parties").

5         WHEREAS, JFL has a judgment against EA in the amount of $10,000,000.00, plus

6 accruing interest at $564.38 per day (since May 22, 2018) and reasonable attorney fees and costs

7 incurred by JFL in enforcing the judgment (the "Judgment");

8         WHEREAS, on February 7, 2019, this Court ordered EA and Avenatti to appear for a

9 judgment debtor examination on February 14, 2019 at 9:30 a.m. in Courtroom 6D of this Court

10 (Doc. 50);

11         WHEREAS, on February 12, 2019, JFL filed a Motion for Appointment of Receiver and

12 Restraining Order ("Motion") (Doc. No. 51);

13         WHEREAS, EA and Avenatti have stipulated and agreed to the relief requested in the

14 Motion and have further agreed that the Magistrate Judge Karen E. Scott shall have the jurisdiction

15 and authority to enter the [Proposed] Order Appointing Receiver and Issuing Restraining Order (the

16 "Order") filed concurrently herewith; and

17         WHEREAS, upon entry of the Order, JFL has agreed to withdraw the Motion and all

18 pleadings and exhibits relating thereto and consent to the rescheduling of the judgment debtor exam

19 to March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court.

20         ACCORDINGLY, the Parties stipulate and agree as follows:

21         1. The Parties, and each of them, stipulate to the terms of the Order;

22         2. The Parties, and each of them, consent to the jurisdiction of the Magistrate Judge Karen

23            E. Scott to enter the Order and to supervise the Receivership;

24         3. Upon entry of the Order, the Motion is deemed withdrawn without prejudice; and

25         4. Upon entry of the Order, the judgment debtor exam of EA and Avenatti is continued to

26            March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court, located at 411 W. 4th Street,

27            Santa Ana, California 92701.

28

-2-         JOINT STIPULATION RE APPOINTMENT OF
                                 RECEIVER AND RESTRAINING ORDER



1      IT IS SO STIPULATED

2

3      Dated: February 13, 2019                    FRANK SIMS & STOLPER LLP

4

5                                          By:    /s/ Scott H. Sims
                                                  Scott Sims, Esq.
6                                                 Attorneys for Judgment Creditor
                                                  Jason Frank Law, PLC
7

8      Dated: February 13, 2019                    EAGAN AVENATTI, LLP

9

10                                         By:
                                                  Managing Partner
11                                                Judgment Debtor Eagan Avenatti, LLP

12

13

14     Dated: February 13, 2019                    MICHAEL J AVENATTI

15

16                                         By:
                                                  Michael J. Avenatti
17                                                In his Personal Capacity

18

19

20

21

22

23

24

25

26

27

28

                                           -3-              STIPULATION AND ORDER RE
                                                            APPOINTMENT OF RECEIVER AND
                                                            RESTRAINING ORDER

# Exhibit C

1　Scott H. Sims, State Bar No. 234148
Andrew D. Stolper, State Bar No. 205462
2　FRANK SIMS & STOLPER LLP
19800 MacArthur Boulevard, Suite 855
3　Irvine, California 92612,
Telephone:　　(949) 201-2400
4　Facsimile:　　(949) 201-2401
astolper@lawfss.com
5　ssims@lawfss.com
6
Attorneys for Judgment Creditor
7　JASON FRANK LAW, PLC

8

9

10　UNITED STATES DISTRICT COURT

11　CENTRAL DISTRICT OF CALIFORNIA

12

In re　　　　　　　　　　　　　　Case No. 8:18-CV-01644-VAP-KES
13
EAGAN AVENATTI, LLP,　　　　　**JOINT STIPULATION AND ORDER RE**
14　　　　　　　　　　　　　　　**APPOINTMENT OF RECEIVER AND**
Debtor.　　　　　　　　　　　**RESTRAINING ORDER**
15

16

17

18

19

20

21

22

23

24

25

26

27

28
　　　　　　　　　　　　　　　　　　　STIPULATION AND ORDER RE
　　　　　　　　　　　　　　-1-　　APPOINTMENT OF RECEIVER AND
　　　　　　　　　　　　　　　　　　　RESTRAINING ORDER

1

**STIPULATION**

2     This Stipulation is entered into by and between Judgment Debtor Eagan Avenatti, LLP

3 ("EA") and Michael Avenatti ("Avenatti"), on the one hand, and Judgment Creditor Jason Frank

4 Law, PLC ("JFL"), on the other hand (collectively, the "Parties").

5     WHEREAS, JFL has a judgment against EA in the amount of $10,000,000.00, plus

6 accruing interest at $564.38 per day (since May 22, 2018) and reasonable attorney fees and costs

7 incurred by JFL in enforcing the judgment (the "Judgment");

8     WHEREAS, on February 7, 2019, this Court ordered EA and Avenatti to appear for a

9 judgment debtor examination on February 14, 2019 at 9:30 a.m. in Courtroom 6D of this Court

10 (Doc. 50);

11     WHEREAS, on February 12, 2019, JFL filed a Motion for Appointment of Receiver and

12 Restraining Order ("Motion") (Doc. No. 51);

13     WHEREAS, EA and Avenatti have stipulated and agreed to the relief requested in the

14 Motion and have further agreed that the Magistrate Judge Karen E. Scott shall have the jurisdiction

15 and authority to enter the attached [Proposed] Order Appointing Receiver and Issuing Restraining

16 Order (the "Order"); and

17     WHEREAS, upon entry of the Order, JFL has agreed to withdraw the Motion and all

18 pleadings and exhibits relating thereto and consent to the rescheduling of the judgment debtor exam

19 to March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court.

20     ACCORDINGLY, the Parties stipulate and agree as follows:

21     1. The Parties, and each of them, stipulate to the terms of the Order;

22     2. The Parties, and each of them, consent to the jurisdiction of the Magistrate Judge Karen

23        E. Scott to enter the Order and to supervise the Receivership;

24     3. Upon entry of the Order, the Motion is deemed withdrawn without prejudice; and

25     4. Upon entry of the Order, the judgment debtor exam of EA and Avenatti is continued to

26        March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court, located at 411 W. 4th Street,

27        Santa Ana, California 92701.

28

-2-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

1    IT IS SO STIPULATED

2

3    Dated: February 13, 2019                          FRANK SIMS & STOLPER LLP

4

5                                              By:____/s/ Scott H. Sims_____
                                                    Scott Sims, Esq.
6                                                   Attorneys for Judgment Creditor
                                                    Jason Frank Law, PLC
7

8    Dated: February 13, 2019                          EAGAN AVENATTI, LLP

9

10                                             By:_____
                                                    Managing Partner
11                                                  Judgment Debtor Eagan Avenatti, LLP

12

13

14   Dated: February 13, 2019                          MICHAEL J AVENATTI

15

16                                             By:_____
                                                    Michael J. Avenatti
17                                                  In his Personal Capacity

18

19

20

21

22

23

24

25

26

27

28

-3-

## ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti"), on the one hand, and Judgment Creditor Jason Frank Law, PLC ("JFL"), on the other hand (collectively, the "Parties") and for good cause shown:

IT IS HEREBY ORDERED:

1. **The Motion.** JFL's Motion for Appointment of Receiver and Restraining Order (Doc. 51) and all pleadings and exhibits related thereto are deemed withdrawn without prejudice.

2. **Judgment Debtor Exam.** The judgment debtor exam of EA and Avenatti currently scheduled for February 14, 2019 is hereby continued to March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court, located at 411 W. 4th Street, Santa Ana, California 92701.

3. **The Amount of Indebtedness.** The principal amount of EA's indebtedness to JFL under the Judgment is $10 million, plus accruing interest at $564.38 per day since May 22, 2018, reasonable attorney fees and costs incurred by JFL in enforcing the judgment, as well as all costs associated with the receivership (the "Total Indebtedness to JFL").

4. **Appointment of Receiver.** It is hereby ordered that Brian Weiss is appointed as Receiver of EA pending further Order of this Court.

5. **Receiver's Oath and Bond.** The Receiver shall immediately, and before performing any duties (a) execute and file a Receiver's oath; and (b) the Receiver shall not be required to file the bond required by Code of Civil Procedure section 567(b) pursuant to consent and agreement of EA and Avenatti.

6. **Receiver's Fees.** The Receiver may charge for the Receiver's services no more than $495.00 per hour.

7. **Management Company.** The Receiver may employ Force Ten Partners, LLC ("Force 10"), where the Receiver is employed, to assist with the Receiver's duties at the Receiver's direction, including but not limited to accounting, reporting, asset

-4-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

investigation and other tasks. The members of Force 10, other than the Receiver, shall be compensated at hourly rates ranging from $225 to $495 per hour.

8. **Disclosure.** The Receiver shall immediately disclose to all parties any financial relationship between the Receiver and any company hired to assist in the management of the Receivership property.

9. **General Duties.** After qualifying, the Receiver shall have the power to take possession of and manage the business of EA and its tangible and intangible property with all the usual powers, rights and duties of receivers appointed by this Court or otherwise defined by statute, including but not limited to the power to operate and conduct EA in the ordinary course of its business and collect fees, costs and income owed to EA, except that the Receiver will not be authorized to provide legal services on behalf of EA's clients.

10. **Inventory.** Within 45 days after qualifying, the receiver shall file an inventory of all property possessed under this Order. The Receiver shall file a supplemental inventory of all subsequently obtained property

11. **Expenditures.** The Receiver shall expend money coming into his possession to operate and preserve EA's business and only for the purposes authorized in this Order. Unless the Court orders otherwise, the Receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with California Code of Civil Procedure section 569.

12. **Monthly Accounting of Receiver's Income, Expenses and Fees.**

   a. The Receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses. The monthly reports shall provide a narrative of the material events, a financial report and a statement of all fees paid or due to the Receiver, Force 10 and any other professionals retained, showing the itemized services, broken down in 1/10th hour increments. The report shall state the hourly fees and any other basis for the fees.

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

b. The Receiver may pay the Receiver's and Management Company's own fees
and expenses only by the following procedures:

    i. By serving on all parties a notice of intent to pay to which no objection
is served on the Receiver within 20 days of the date the notice is
served.

    ii. By serving and filing a request for interim payment, which the Court
then approves.

    iii. By obtaining and filing an agreement among all the parties approving
the payment, which the Court then approves.

    iv. By filing the Receiver's final accounting and report, which the Court
then approves.

c. The Receiver shall not reimburse the Receiver for the Receiver's general office
administration expenses or overhead without Court approval. These expenses
include, for example, office supplies and employee payroll, benefits and taxes.

12. **Management.**

a. The Receiver shall operate EA and take possession of all accounts relating to
EA and its property.

b. The Receiver may hire legal counsel, accounting and tax professionals at
normal and customary rates to represent the Receiver in his duties, provided
however, legal counsel retained to pursue fraudulent and avoidable actions
shall be on a contingency basis.

c. The Receiver may do all the things, and incur the risks and obligations,
ordinarily done or incurred by owners, managers and operators of businesses
and property similar to that possessed by the Receiver, except that the Receiver
shall not make any capital improvements to property without prior Court
approval and the Receiver shall not provide legal services to EA's clients.

13. **Bank Accounts.**

a. The Receiver may establish accounts at any financial institution insured by an
agency of the United States government that are not parties to this proceeding and

-6-

1    shall deposit in those accounts any funds received in connection with EA's

2    business.

3       b.  The Receiver shall have control of, and be the sole authorized signatory for all

4           accounts of EA and client trust accounts or IOLTA accounts, including all

5           accounts at any bank, title company, escrow agent, financial institution or

6           brokerage firm which has possession, custody or control of any assets or funds of

7           EA, or which maintains accounts of the Receiver, or which maintains accounts

8           where EA's employees and agents in such capacity have signatory authority,

9           including but not limited to Michael Avenatti and Judy Regnier.

10      c.  The Receiver is authorized to open and close bank accounts, including client trust

11          accounts or IOLTA accounts. For the avoidance of doubt, no other parties are

12          permitted to open and close bank accounts in the name of EA.

14. **Additional Powers and Duties of the Receiver.** The Receiver shall be authorized to

    and shall perform the following duties and functions:

        a.  Take possession of all past and current client engagement contracts, case files,

            books and records, electronic files, and other documents necessary to manage

            the Receivership Assets without limitation;

        b.  Provide a copy of the signed receivership order to any party the Receiver

            deems necessary in order to direct payment to the Receiver, manage the

            Receivership Assets, and to perform investigations;

        c.  Be the sole signatory to any contract of EA during the receivership;

        d.  The ability to investigate fraudulent transfers and avoidance actions and to

            pursue litigation;

        e.  The power to sell assets upon Court approval;

        f.  Make payments toward the Judgment upon Court approval;

        g.  Make all inquiries EA might have made;

        h.  Bring and defend actions in his own name, as Receiver;

-7-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

i.  Endorse and deposit any checks, money, negotiable instruments or commercial paper through which EA is compensated in any manner whatsoever into the Receivership account;

j.  Pay all necessary costs and expenses to operate EA in order to maximize its assets;

k.  Manage the business affairs of EA, including monitoring and approving necessary expenses needed to operate the business and accepting new business contracts;

l.  Have access to and become the "administrative user" for all of EA's software programs, servers and website;

m.  Maintain detailed accounting records of all deposits to and all expenditures from the Receiver's bank account until the termination of the Receivership;

n.  Disburse funds to JFL and/or EA, or any creditor of EA as ordered by this Court;

o.  Conduct investigation and discovery, as may be necessary to locate and account for all of the assets of or managed by EA, including receiving, collecting and reviewing all mail addressed to EA, wherever directed;

p.  Take such action as is necessary and appropriate to preserve and take control of and to prevent the waste, dissipation, loss of value, concealment, or disposition of any assets of or managed by EA;

q.  Enter into settlements on behalf of EA with the approval of the Court; and

r.  Hire counsel to represent EA's interests in any application for fees and costs in any case in which EA may be entitled to reimbursement of fees and costs, including but not limited to those cases in which EA attorneys or resources where provided; and

s.  Have the sole authority regarding whether to file a petition for bankruptcy.

15. **Insurance.**

a.  The Receiver shall determine whether there is sufficient insurance coverage.

-8-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

b. The Receiver shall notify the insurer that the Receiver is to be named as an additional insured on each insurance policy on the property.

c. If the Receiver determines that the property does not have sufficient insurance coverage, the Receiver shall immediately notify the parties and shall procure sufficient insurance.

d. If the Receiver does not have sufficient funds to obtain insurance, the Receiver shall seek instructions from the Court on whether to obtain insurance and how it is to be paid for.

e. The Receiver shall not be liable for EA's failure to carry or obtain adequate insurance.

16. **Taxpayer ID Numbers.** The Receiver may use any federal taxpayer identification numbers relating to EA and its property for any lawful purpose.

17. **Court instructions.** The Receiver and the parties may at any time apply to this Court for further instructions and order and for additional powers necessary to enable the Receiver to perform his duties properly. Nothing in this order shall be deemed a waiver of or preclude any party from requesting on notice to all other parties, modification of the order and all other parties shall be entitled to oppose such request.

18. **EA Responsible for Fees and Expenses of the Receivership.** EA shall be responsible for all fees and expenses associated with the receivership and such costs will be added to the Judgment pursuant to California Code of Civil Procedure section 685.070(a)(5).

19. **Termination of the Receivership.** The receivership shall not terminate until the Total Indebtedness to JFL is fully satisfied and/or the Court has determined the receivership shall end.

20. **Notification of Termination.** JFL shall notify the Receiver in writing within 48 hours of any event within JFL's knowledge that terminates the receivership.

21. **Receiver's Final Report and Account and Discharge.**

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

a. *Motion required.* Discharge of the Receiver shall require a Court order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond, if any.

b. *Time.* Not later than 60 days after the receivership terminates, the Receiver shall file, serve and obtain a hearing date on a motion for discharge and approval of the final report and account.

c. *Notice.* The Receiver shall give notice to all persons of whom the Receiver is aware who have potential claims against EA.

d. *Contents of Motion.* The motion to approve the final report and account and for discharge of the Receiver shall contain the following.

i. *Declaration(s).* Declaration(s) (1) stating what was done during the receivership, (2) certifying the accuracy of the final accounting, (3) stating the basis for the termination of the receivership, and (4) stating the basis for an order for the distribution of any surplus or payment of any deficit.

ii. *Accounting summary.* A summary of the receivership accounting, which shall include (1) the total revenues received, (2) the total expenditures identified and enumerated by major categories, (3) the net amount of any surplus or deficit and (4) evidence of necessary supporting facts.

22. **Notice to Receiver.** JFL shall promptly notify the Receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel. The parties shall give notice to the Receiver of all events that affect the receivership.

23. **Consent to Convert Receiver to Bankruptcy Trustee.** In the event of a bankruptcy, EA, Avenatti and JFL agree and stipulate that Receiver shall serve as the Chapter 11 Trustee pending confirmation by the Bankruptcy Court, or as the Chapter 7 Trustee if permitted by the Bankruptcy Court.

24. **Bankruptcy Receiver's Duties.** If the Receiver receives notice that an involuntary bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this Order, the Receiver shall have the following duties:

-10-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

a. *Turn over property if no relief from stay will be sought.* The Receiver shall immediately contact the parties who stipulated to the appointment of the Receiver and determine whether either party intends to move in the bankruptcy court for an order for (i) relief from the automatic stay, and (ii) relief from the Receiver's obligations to turn over the property (11 U.S.C. § 543). If neither party intends to make such a motion, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed that is not the Receiver and otherwise comply with 11 United States Code section 543.

b. *Remain in possession pending resolution.* If either of the parties who stipulated to the receivership intend to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the property, the Receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)). The Receiver's authority to preserve the property shall be limited as follows:

   i. The Receiver may continue to collect rents and other income;

   ii. The Receiver my make only those disbursements necessary to preserve and protect the property; and

   iii. The Receiver shall not execute any new leases or other long-term contracts without Court approval.

c. *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.* If the parties who stipulate to the receivership fail to file a motion within 10 court days after their receipt of notice of the involuntary bankruptcy filing, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

d. *Retain bankruptcy counsel.* The Receiver may petition the Court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

25. **Failure to Turn Over Property.** A receiver who fails to turn over property in accordance with this Order shall not be paid for time and expenses after the date the Receiver should have turned the property over.

26. **Liability of the Receiver.** Except for an act of gross negligence or intentional misconduct, the Receiver shall not be liable for any loss or damages incurred by EA, its officers, shareholders, agents, servants, partners, employees, contractors, creditors, counsel or any other persons or entities by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his duties.

## RESTRAINING ORDER / INJUNCTION

27. **The Court orders EA and Avenatti** to do the following:

a. **Turn Over Property.** Immediately turn over possession of all property of EA to the Receiver when the appointment becomes effective, including but not limited to all past and current client engagement contracts, case files, books and records, electronic files, and other documents necessary to manage the Receivership Assets and all funds in EA accounts, including client trust accounts.

b. **Access to EA's offices and computer systems.** Immediately turn over to the Receiver all keys and passwords relating to the property and grant the Receiver unfettered access to EA and all premises related thereto, and all EA computer systems.

c. **Insurance.**

i. Immediately advise the Receiver about the nature and extent of EA's insurance;

ii. Immediately name the receiver as an additional insured on each insurance policy; and

iii. DO NOT cancel, reduce or modify the insurance coverage.

-12-

d. **Notify Receiver of Clients and Cases.** Within 7 days after the appointment of the Receiver, EA and Avenatti, and office manager Judy Regnier must meet with the Receiver and JFL and disclose all current clients and cases being managed by EA and all cases in which the services of an EA attorney or EA resources were provided, whether the case was filed in the name of EA or another law firm.

e. **Respond to Inquiries.** Immediately respond to all inquiries of the Receiver pertaining to EA.

f. **Disclosure of Bank Accounts.** Immediately disclose to the Receiver all accounts of EA and client trust accounts, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of EA, or which maintains accounts of the Receiver, or which maintains accounts where EA's employees and agents in such capacity have signatory authority, including but not limited to Michael Avenatti and Judy Regnier.

g. **Payment.** Pay all amounts due to the Receiver.

h. **Cooperation.** Avenatti shall fully cooperate with the Receiver for the duration of the receivership, regardless of whether he is employed by or affiliated with EA, including but not limited to directing Judy Regnier and any other former employees of EA to likewise cooperate with the Receiver.

28. **Enjoinment.** EA, and its owners, partners, employees, agents, managers, attorneys and all persons and entities acting in concert with EA are hereby enjoined and cannot:

a. Expend, disburse, remove, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any portion of EA's assets, including but not limited to its rights to attorney fees and costs from any client or in connection with any cases in which EA attorneys or resources were used;

-13-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

1    b.    Interfere in any way, directly or indirectly, with the Receiver's

2    performance of his/her duties and responsibilities and the exercise of

3    his/her powers and/or doing any act which may impair, defeat, divert,

4    prevent or prejudice the preservation of EA's assets or the proceeds

5    thereof;

6    c.    Commit or permit any waste of EA's assets or any portion thereof, or

7    suffer or commit or permit any act on EA's assets or any part thereof in

8    violation of law;

9    d.    Conceal or withhold from the Receiver any EA assets, including any client

10    trust funds, real property, physical property, indirect or beneficial

11    ownership interests, or funds;

12    e.    Do any act which will, or which will tend to, impair, defeat, divert, prevent

13    or prejudice the preservation of EA's assets;

14    f.    Demand, collect, compromise, trade, receive or spend any portion or

15    proceeds of EA's assets; and

16    g.    Fail to pay over to the Receiver any monies whenever received, presently

17    in the possession, custody or control of EA, its owners, agents,

18    representatives, servants, assigns and all those acting in concert therewith.

19    29. Nothing in this order excuses or alters any ethical duties that EA and/or EA's

20    attorneys may have to their clients.

21

22

23    Dated: 2/13/2019    _Karen E. Scott_

24    U.S District Court Magistrate Judge

25

26

27

28

-14-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

28

# Exhibit D

| | |
|---|---|
| **From:** | Michael J. Avenatti <mavenatti@eaganavenatti.com> |
| **Sent:** | Thursday, March 07, 2019 9:21 PM |
| **To:** | Andrew Stolper |
| **Cc:** | Brian Weiss; Jason Frank; Scott Sims |
| **Subject:** | Re: Tomorrow |

Andrew:

The court is divested of jurisdiction. It lacks authority to do anything BY LAW! If you want to seek to have me arrested and do further damage to the assets of the firm, good luck.

Michael

Michael J. Avenatti, Esq.

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Mar 7, 2019, at 9:18 PM, Andrew Stolper <astolper@lawfss.com> wrote:

> Michael-
>
> I understand you disagree. But in the event the Court sees things our way you may face arrest on a Friday – which is pretty much the worst day of the week to be arrested.
>
> I sincerely hope you show up as ordered by the Court.
>
> Andrew
>
> **From:** Michael J. Avenatti <mavenatti@eaganavenatti.com>
> **Sent:** Thursday, March 7, 2019 9:16 PM
> **To:** Andrew Stolper <astolper@lawfss.com>
> **Cc:** Brian Weiss <bweiss@force10partners.com>; Jason Frank <jfrank@lawfss.com>; Scott Sims <ssims@lawfss.com>
> **Subject:** Re: Tomorrow
>
> Andrew:
>
> I disagree. The matter is stayed. Judge Bauer will decide if the bankruptcy is appropriate. The matter is stayed by law and the court is divested of jurisdiction. I will not be appearing. If you have any issues, you can take them up with the bankruptcy judge.
>
> Michael

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Mar 7, 2019, at 8:46 PM, Andrew Stolper <astolper@lawfss.com> wrote:

Michael-

Please be advised that our position is that your recent bankruptcy filing is spurious as you are not in charge of Eagan Avenatti LLP pursuant to the receivership order to which you stipulated.

Please be further advised that our position is that you are under court order to appear tomorrow morning before Judge Scott at 9:30 a.m. and that if you are not there we will be requesting the Court issue a bench warrant.

I hope to see you tomorrow in Court.

Thanks,

Andrew