Michael J. Avenatti, State Bar No. 206929
1910 Sunset Boulevard, Suite 450
Los Angeles, CA 90026
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for The Trial Group, LLP
f/k/a Eagan Avenatti, LLP

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE TRIAL GROUP, LLP fka EAGAN AVENATTI, LLP,<br><br>　　　　Debtor | CASE NO. 8:19-bk-10822-CB<br><br>Chapter 11<br><br>**DEBTOR'S REQUEST FOR STANDARD HEARING AND BRIEFING SCHEDULE RE: CREDITOR'S "EMERGENCY" MOTION [Dkt. 11]** |

In response to the "emergency motion" filed early this morning [Docket No. 2], Debtor The Trial Group (f/k/a Eagan Avenatti, LLP) ("EA") requests that the court set a hearing in accordance with the Court's "non-emergent" hearing procedures and further requests a standard briefing schedule. This is the proper course of action for at least the following five reasons:

*First*, there is no "emergency" or exigent circumstances. Creditor Jason Frank Law ("JFL") has failed to show that any emergency or exigent circumstances exist that warrant the Court hearing this immediately. The reason for that is clear – there is no emergency. Debtor EA is presently being overseen by a court-appointed receiver and there are no allegations by JFL that any assets are being dissipated by the receiver or that the receiver is not performing his duties. Accordingly, JFL will not be harmed or damaged in any way if his motion is heard in the normal course.

*Second*, adequate notice of the motion has not been provided to all interested parties, including the U.S. Trustee, the Internal Revenue Service, the receiver presently overseeing EA and all other EA creditors. *Indeed, Creditor Jason Frank Law appears to have not taken any steps to inform any other interested party of his motion or provide proper notice.* In fact, most of the parties are not even aware of the bankruptcy filing yet, let alone the motion to dismiss. Each of these parties has substantial interest in this matter and deserve to be heard as to the issues raised in the motion, including (a) whether the stipulation and order are enforceable and (b) whether EA and its creditors are better off with the firm proceeding in bankruptcy court. *This is especially true as it relates to the Office of the U.S. Trustee.* It is equally true as it relates to the receiver, who will need to opine as to whether the case should in fact be dismissed and explain why EA and its creditors are better off outside of a Chapter 11 proceeding.

*Third*, EA is presently in the process of finalizing an agreement with replacement counsel and expects to have new counsel in place in this matter by Wednesday of next week. This counsel, who is more familiar with bankruptcy procedures and the law relating to dismissal, should be permitted to address the motion appropriately after retention.

*Fourth*, JFL is attempting by way of its motion to have the court disregard the interests of all other EA creditors, including the Internal Revenue Service, in an effort to ensure JFL "jumps to the front of the line" and receives all of the Debtor's assets, leaving very little for all other EA creditors. This is patently improper and is exactly the type of strong-arm tactic this court is designed to avoid.

*Fifth*, there is a substantial question as to whether the agreement and order relied upon by JFL to dismiss this action are valid for that purpose, especially because the agreement was executed within 90 days of the bankruptcy filing and therefore may be void under the law.

For each of these reasons, Debtor requests that the motion be handled in the normal course, pursuant to standard procedures.

Dated: March 8, 2019    By:    /s/ Michael J. Avenatti
                               Michael J. Avenatti
                               Attorney for The Trial Group, LLP f/k/a
                               Eagan Avenatti, LLP