1 | JOHN P. REITMAN (State Bar No. 80579)
jreitman@lgbfirm.com
2 | JACK. A. REITMAN (State Bar No. 283746)
jareitman@lgbfirm.com
3 | LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
4 | Los Angeles, California 90067
Telephone: (310) 557-0050
5 | Facsimile: (310) 557-0056

6 | Attorneys for Brian Weiss,
Receiver for Eagan Avenatti, LLP
7

8 | <center>**UNITED STATES BANKRUPTCY COURT**</center>

9 | <center>**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**</center>

10 | In re:

11 | THE TRIAL GROUP, LLP f/k/a Eagan
Avenatti, LLP
12

13 |                 Debtor

Case No. 8:19-bk-10822-CB

Chapter 11

**RECEIVER'S JOINDER TO JUDGMENT CREDITOR JASON FRANK LAW, PLC'S EMERGENCY MOTION TO DISMISS CASE OR IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF BRIAN WEISS**

<u>**Hearing Date and Time**</u>:
Date:  March 13, 2019
Time:  1:30 p.m.
Place:  411 West Fourth Street
         Courtroom 5D
         Santa Ana, California

*(left margin, vertical text)* LANDAU GOTTFRIED & BERGER LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

1    Brian Weiss, court appointed Federal Receiver (the "Receiver") of debtor Trial Group,

2    LLP f/k/a Eagan Avenatti, LLP ("EA") submits this joinder (the "Joinder") to judgment creditor

3    Jason Frank Law, PLC's ("JFL") Emergency Motion to Dismiss Case or in the Alternative Relief

4    from the Automatic Stay (the "Emergency Motion to Dismiss").

5    On March 7, 2019 at 8:28 p.m., Michael Avenatti ("Avenatti") filed a Chapter 11

6    bankruptcy petition purportedly on behalf of EA/Trial Group.  EA is a judgment debtor in *In re*

7    *Eagan Avenatti LLP*, District Court Case No. 8:18-cv-01644-VAP-KES, pending before the

8    Honorable Chief Judge Virginia A. Phillips and Magistrate Judge Karen Scott in the United States

9    District Court for the Central District of California.

10    On February 13, 2019, Avenatti on behalf of his law firm, EA, stipulated to the

11    appointment of Brian Weiss as the Receiver of EA and consented to the jurisdiction of Magistrate

12    Judge Karen E. Scott to enter an order appointing Mr. Weiss the Receiver [Case No. 8:18-CV-

13    01644-VAP-KES, Doc. 52).  As part of the stipulation, Avenatti agreed the judgment debtor exam

14    of EA and Avenatti would be continued to March 8, 2019 before Judge Scott.  On February 13,

15    2019, the District Court entered the Order appointing the Receiver to take over control of EA (the

16    "Receivership Order").  (Case No. 8:18-CV-01644-VAP-KES, Doc. 53).  Per Paragraph 14(s) of

17    the Order, the Receiver was granted "the *sole* authority regarding whether to file a petition for

18    bankruptcy" on behalf of EA.  (*Id.*, p. 8, ¶ 14(s).)  The Order further provided the judgment debtor

19    exam of EA and Avenatti would go forward on March 8, 2019.  (*Id.*, p. 4, ¶ 2.)

20    Despite the Order divesting Avenatti of any authority to file a bankruptcy petition on

21    behalf of EA, Avenatti filed the above referenced petition purporting to place EA into Chapter 11

22    bankruptcy and initiating this case.  This is despite the fact that Avenatti was explicitly reminded

23    by the Receiver that Avenatti lacked the authority to do so.  Early in the morning on March 8,

24    2019, JFL, EA's largest creditor[1] filed its Emergency Motion to Dismiss.  The Receiver joins in

25    that motion for the following reasons.

26    First, Avenatti had *no authority* to place EA into bankruptcy due to the Receivership Order

27

28    ―――――――――――――――
[1] And the party that was scheduled to take Avenatti's judgment debtor exam on March 8, 2019

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   – Mr. Weiss is the only person who has that authority, and explicitly warned Avenatti that he may

2   not do so.  Declaration of Brian Weiss ("Weiss Dec."), ¶¶ 2-5, Exs.1, 2.  Therefore, this

3   bankruptcy was unauthorized by the single person who could authorize it.

4          Second, this bankruptcy was clearly filed in bad faith.  As soon as Avenetti placed EA into

5   bankruptcy, he notified the Receiver and counsel for JFL that (i) he would not be appearing for the

6   judgment debtor examination (to which he had stipulated) and (ii) no bench warrant would be

7   effective against him because "The court is divested of jurisdiction.  It lacks authority to do

8   anything BY LAW!"  *See* Emergency Motion to Dismiss, Ex. D; Debtor's Request for Standard

9   Hearing and Briefing Schedule, Docket No. 14, 3:13-16.  As discussed in the Emergency Motion

10  to Dismiss, Avenatti is dead wrong. The Ninth Circuit's opinion in *Oil & Gas Co. v. Duryee*, 9

11  F.3d 771, 772-73 (9th Cir. 1993) states that a bankruptcy filed by a company's former president

12  while that company has a "state appointed rehabilitator [receiver]" is "null and void" and will be

13  dismissed.

14         Moreover, this bankruptcy was clearly filed to delay the judgment debtor exam set for

15  March 8, 2019.  EA was in bankruptcy before this Court within the last year, which was then

16  dismissed.  The only conceivable reason why Avenatti would, without any authority to do so,

17  place EA into bankruptcy *again* is to waylay JFL's judgment debtor examination of Avenatti.

18  This is an archetypical bad faith bankruptcy filing.  Courts have determined that a bankruptcy that

19  is filed seeking to achieve objectives outside the legitimate scope of the bankruptcy laws (for a

20  variety of tactical reasons) should be dismissed.  *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).

21  For example, courts have found bad faith in instances where debtors have filed multiple

22  bankruptcies to delay foreclosure proceedings.  *See e.g., In re Casse*, 219 B.R. 657 (Bankr.

23  E.D.N.Y 1998), *aff'd*, 198 F.3d 327 (2nd Cir. 1999).  Swap "foreclosure proceedings" with

24  "debtor examination" and the exact same instance is present here.

25  / / /

26  / / /

27  / / /

28  / / /

1    For all the foregoing reasons in this Joinder and in the Emergency Dismissal Motion, this

2   case should be dismissed.

3

4   Dated: March 11, 2019                    LANDAU GOTTFRIED & BERGER LLP

5

6   By_____

7                                                   Jack A. Reitman
    Attorneys for Brian Weiss, Receiver for Eagan

8   Avenatti, LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**DECLARATION OF BRIAN WEISS**

I, Brian Weiss, declare as follows:

1.      I am the federal court appointed receiver for Eagan Avenatti, LLP ("EA")(also known in this case as "Trial Group, LLP" which Michael Avenatti ("Avenatti"), the purported sole owner of EA, asserts has been renamed) I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently thereto under oath.  I make this declaration in support of my joinder to Jason Frank Law, PLC's ("JFL") Emergency Motion to Dismiss Case or in the Alternative Relief from the Automatic Stay.

2.      On March 7, 2019, at approximately 8:14 p.m., I received a telephone call from Avenatti informing me that he was going to file a bankruptcy petition for EA.  I asked him if he believed he had the authority to do so and he stated that he believed he did.  He and I reviewed the Receivership Order (which Avenatti stipulated to) and I specifically referenced and read to him §14(s) which states the following:

> 14. **Additional Powers and Duties of the Receiver.** The Receiver shall be authorized to and shall perform the following duties and functions:
>
>       s. Have the sole authority regarding whether to file a petition for bankruptcy.

A true and correct copy of the Receivership Order is attached as Exhibit 1.

3.      I also stated to Avenatti during our conversation that based on the Receivership Order, I did not believe he has the authority to file a bankruptcy petition for EA, only I had that power, and I would not file a bankruptcy petition for EA or authorize him to do so.

4.      Avenatti filed the bankruptcy petition for EA on March 7, 2019 at 8:41 p.m.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1          5.        After receiving the bankruptcy petition, I drafted and sent an email to Avenatti (at

2 8:43 p.m. on March 7, 2019) stating the following:

3          Michael,

4          I received the bankruptcy filing you just filed.  Per our discussion, based on 14 s. of the

5          Receivership Order . . . [w]e will need to [inform] the bankruptcy court of this provision

6          and let them interpret the authority issue.

7 A true and correct copy of this email is attached as Exhibit 2.

8          I declare under penalty of perjury that the foregoing is true and correct.

9          Executed on March 11, 2019, at Newport Beach, California

10

11                  _____

12                      Brian Weiss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

1   Scott H. Sims, State Bar No. 234148
2   Andrew D. Stolper, State Bar No. 205462
    FRANK SIMS & STOLPER LLP
3   19800 MacArthur Boulevard, Suite 855
    Irvine, California 92612,
4   Telephone:      (949) 201-2400
    Facsimile:      (949) 201-2401
5   astolper@lawfss.com
    ssims@lawfss.com
6
7   Attorneys for Judgment Creditor
    JASON FRANK LAW, PLC
8

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13  In re                                Case No.  8:18-CV-01644-VAP-KES

14  EAGAN AVENATTI, LLP,                  **JOINT STIPULATION AND ORDER RE
                                          APPOINTMENT OF RECEIVER AND
15  Debtor.                               RESTRAINING ORDER**

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -1-          STIPULATION AND ORDER RE
                                                 APPOINTMENT OF RECEIVER AND
                                                 RESTRAINING ORDER

EXHIBIT 1
7

**<u>STIPULATION</u>**

This Stipulation is entered into by and between Judgment Debtor Eagan Avenatti, LLP

("EA") and Michael Avenatti ("Avenatti"), on the one hand, and Judgment Creditor Jason Frank

Law, PLC ("JFL"), on the other hand (collectively, the "Parties").

WHEREAS, JFL has a judgment against EA in the amount of $10,000,000.00, plus

accruing interest at $564.38 per day (since May 22, 2018) and reasonable attorney fees and costs

incurred by JFL in enforcing the judgment (the "Judgment");

WHEREAS, on February 7, 2019, this Court ordered EA and Avenatti to appear for a

judgment debtor examination on February 14, 2019 at 9:30 a.m. in Courtroom 6D of this Court

(Doc. 50);

WHEREAS, on February 12, 2019, JFL filed a Motion for Appointment of Receiver and

Restraining Order ("Motion") (Doc. No. 51);

WHEREAS, EA and Avenatti have stipulated and agreed to the relief requested in the

Motion and have further agreed that the Magistrate Judge Karen E. Scott shall have the jurisdiction

and authority to enter the attached [Proposed] Order Appointing Receiver and Issuing Restraining

Order (the "Order"); and

WHEREAS, upon entry of the Order, JFL has agreed to withdraw the Motion and all

pleadings and exhibits relating thereto and consent to the rescheduling of the judgment debtor exam

to March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court.

ACCORDINGLY, the Parties stipulate and agree as follows:

1.  The Parties, and each of them, stipulate to the terms of the Order;

2.  The Parties, and each of them consent to the jurisdiction of the Magistrate Judge Karen
    E. Scott to enter the Order and to supervise the Receivership;

3.  Upon entry of the Order, the Motion is deemed withdrawn without prejudice; and

4.  Upon entry of the Order, the judgment debtor exam of EA and Avenatti is continued to
    March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court, located at 411 W. 4th Street,
    Santa Ana, California 92701.

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
8

IT IS SO STIPULATED

Dated: February 13, 2019                    FRANK SIMS & STOLPER LLP

                                            By:    /s/ Scott H. Sims
                                                   Scott Sims, Esq.
                                                   Attorneys for Judgment Creditor
                                                   Jason Frank Law, PLC

Dated: February 13, 2019                    EAGAN AVENATTI, LLP

                                            By:
                                                   Managing Partner
                                                   Judgment Debtor Eagan Avenatti, LLP

Dated: February 13, 2019                    MICHAEL J AVENATTI

                                            By:
                                                   Michael J. Avenatti
                                                   In his Personal Capacity

                                    -3-                    STIPULATION AND ORDER RE
                                                           APPOINTMENT OF RECEIVER AND
                                                           RESTRAINING ORDER

EXHIBIT 1
9

## ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER

Pursuant to the Joint Stipulation between Judgment Debtor Eagan Avenatti, LLP ("EA") and Michael Avenatti ("Avenatti"), on the one hand, and Judgment Creditor Jason Frank Law, PLC ("JFL"), on the other hand (collectively, the "Parties") and for good cause shown:

IT IS HEREBY ORDERED:

1. **The Motion.** JFL's Motion for Appointment of Receiver and Restraining Order (Doc. 51) and all pleadings and exhibits related thereto are deemed withdrawn without prejudice.

2. **Judgment Debtor Exam**. The judgment debtor exam of EA and Avenatti currently scheduled for February 14, 2019 is hereby continued to March 8, 2019 at 9:30 a.m. in Courtroom 6D of this Court, located at 411 W. 4th Street, Santa Ana, California 92701.

3. **The Amount of Indebtedness.** The principal amount of EA's indebtedness to JFL under the Judgment is $10 million, plus accruing interest at $564.38 per day since May 22, 2018, reasonable attorney fees and costs incurred by JFL in enforcing the judgment, as well as all costs associated with the receivership (the "Total Indebtedness to JFL").

4. **Appointment of Receiver.** It is hereby ordered that Brian Weiss is appointed as Receiver of EA pending further Order of this Court.

5. **Receiver's Oath and Bond.** The Receiver shall immediately, and before performing any duties (a) execute and file a Receiver's oath; and (b) the Receiver shall not be required to file the bond required by Code of Civil Procedure section 567(b) pursuant to consent and agreement of EA and Avenatti.

6. **Receiver's Fees.** The Receiver may charge for the Receiver's services no more than $495.00 per hour.

7. **Management Company.** The Receiver may employ Force Ten Partners, LLC ("Force 10"), where the Receiver is employed, to assist with the Receiver's duties at the Receiver's direction, including but not limited to accounting, reporting, asset

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
10

investigation and other tasks.  The members of Force 10, other than the Receiver, shall be compensated at hourly rates ranging from $225 to $495 per hour.

8. **Disclosure.**  The Receiver shall immediately disclose to all parties any financial relationship between the Receiver and any company hired to assist in the management of the Receivership property.

9. **General Duties.**  After qualifying, the Receiver shall have the power to take possession of and manage the business of EA and its tangible and intangible property with all the usual powers, rights and duties of receivers appointed by this Court or otherwise defined by statute, including but not limited to the power to operate and conduct EA in the ordinary course of its business and collect fees, costs and income owed to EA, except that the Receiver will not be authorized to provide legal services on behalf of EA's clients.

10. **Inventory.**  Within 45 days after qualifying, the receiver shall file an inventory of all property possessed under this Order.  The Receiver shall file a supplemental inventory of all subsequently obtained property

11. **Expenditures.**  The Receiver shall expend money coming into his possession to operate and preserve EA's business and only for the purposes authorized in this Order.  Unless the Court orders otherwise, the Receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with California Code of Civil Procedure section 569.

12. **Monthly Accounting of Receiver's Income, Expenses and Fees.**

   a.  The Receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of EA, including the Receiver's fees and expenses.  The monthly reports shall provide a narrative of the material events, a financial report and a statement of all fees paid or due to the Receiver, Force 10 and any other professionals retained, showing the itemized services, broken down in $1/10^{th}$ hour increments.  The report shall state the hourly fees and any other basis for the fees.

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

    b.   The Receiver may pay the Receiver's and Management Company's own fees and expenses only by the following procedures:

        i.   By serving on all parties a notice of intent to pay to which no objection is served on the Receiver within 20 days of the date the notice is served.

        ii.   By serving and filing a request for interim payment, which the Court then approves.

        iii.   By obtaining and filing an agreement among all the parties approving the payment, which the Court then approves.

        iv.   By filing the Receiver's final accounting and report, which the Court then approves.

    c.   The Receiver shall not reimburse the Receiver for the Receiver's general office administration expenses or overhead without Court approval.  These expenses include, for example, office supplies and employee payroll, benefits and taxes.

12. **Management.**

    a.   The Receiver shall operate EA and take possession of all accounts relating to EA and its property.

    b.   The Receiver may hire legal counsel, accounting and tax professionals at normal and customary rates to represent the Receiver in his duties, provided however, legal counsel retained to pursue fraudulent and avoidable actions shall be on a contingency basis.

    c.   The Receiver may do all the things, and incur the risks and obligations, ordinarily done or incurred by owners, managers and operators of businesses and property similar to that possessed by the Receiver, except that the Receiver shall not make any capital improvements to property without prior Court approval and the Receiver shall not provide legal services to EA's clients.

13. **Bank Accounts.**

    a.   The Receiver may establish accounts at any financial institution insured by an agency of the United States government that are not parties to this proceeding and

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
12

shall deposit in those accounts any funds received in connection with EA's
business.

b.  The Receiver shall have control of, and be the sole authorized signatory for all
accounts of EA and client trust accounts or IOLTA accounts, including all
accounts at any bank, title company, escrow agent, financial institution or
brokerage firm which has possession, custody or control of any assets or funds of
EA, or which maintains accounts of the Receiver, or which maintains accounts
where EA's employees and agents in such capacity have signatory authority,
including but not limited to Michael Avenatti and Judy Regnier.

c.  The Receiver is authorized to open and close bank accounts, including client trust
accounts or IOLTA accounts.  For the avoidance of doubt, no other parties are
permitted to open and close bank accounts in the name of EA.

14.  **Additional Powers and Duties of the Receiver.**  The Receiver shall be authorized to
and shall perform the following duties and functions:

a.  Take possession of all past and current client engagement contracts, case files,
books and records, electronic files, and other documents necessary to manage
the Receivership Assets without limitation;

b.  Provide a copy of the signed receivership order to any party the Receiver
deems necessary in order to direct payment to the Receiver, manage the
Receivership Assets, and to perform investigations;

c.  Be the sole signatory to any contract of EA during the receivership;

d.  The ability to investigate fraudulent transfers and avoidance actions and to
pursue litigation;

e.  The power to sell assets upon Court approval;

f.  Make payments toward the Judgment upon Court approval;

g.  Make all inquiries EA might have made;

h.  Bring and defend actions in his own name, as Receiver;

-7-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
13

i.  Endorse and deposit any checks, money, negotiable instruments or commercial paper through which EA is compensated in any manner whatsoever into the Receivership account;

j.  Pay all necessary costs and expenses to operate EA in order to maximize its assets;

k.  Manage the business affairs of EA, including monitoring and approving necessary expenses needed to operate the business and accepting new business contracts;

l.  Have access to and become the "administrative user" for all of EA's software programs, servers and website;

m.  Maintain detailed accounting records of all deposits to and all expenditures from the Receiver's bank account until the termination of the Receivership;

n.  Disburse funds to JFL and/or EA, or any creditor of EA as ordered by this Court;

o.  Conduct investigation and discovery, as may be necessary to locate and account for all of the assets of or managed by EA, including receiving, collecting and reviewing all mail addressed to EA, wherever directed;

p.  Take such action as is necessary and appropriate to preserve and take control of and to prevent the waste, dissipation, loss of value, concealment, or disposition of any assets of or managed by EA;

q.  Enter into settlements on behalf of EA with the approval of the Court; and

r.  Hire counsel to represent EA's interests in any application for fees and costs in any case in which EA may be entitled to reimbursement of fees and costs, including but not limited to those cases in which EA attorneys or resources where provided; and

s.  Have the sole authority regarding whether to file a petition for bankruptcy.

15. **Insurance.**

a.  The Receiver shall determine whether there is sufficient insurance coverage.

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
14

b. The Receiver shall notify the insurer that the Receiver is to be named as an additional insured on each insurance policy on the property.

c. If the Receiver determines that the property does not have sufficient insurance coverage, the Receiver shall immediately notify the parties and shall procure sufficient insurance.

d. If the Receiver does not have sufficient funds to obtain insurance, the Receiver shall seek instructions from the Court on whether to obtain insurance and how it is to be paid for.

e. The Receiver shall not be liable for EA's failure to carry or obtain adequate insurance.

16. **Taxpayer ID Numbers.**  The Receiver may use any federal taxpayer identification numbers relating to EA and its property for any lawful purpose.

17. **Court instructions.**  The Receiver and the parties may at any time apply to this Court for further instructions and order and for additional powers necessary to enable the Receiver to perform his duties properly.  Nothing in this order shall be deemed a waiver of or preclude any party from requesting on notice to all other parties, modification of the order and all other parties shall be entitled to oppose such request.

18. **EA Responsible for Fees and Expenses of the Receivership.**  EA shall be responsible for all fees and expenses associated with the receivership and such costs will be added to the Judgment pursuant to California Code of Civil Procedure section 685.070(a)(5).

19. **Termination of the Receivership.**  The receivership shall not terminate until the Total Indebtedness to JFL is fully satisfied and/or the Court has determined the receivership shall end.

20. **Notification of Termination.**  JFL shall notify the Receiver in writing within 48 hours of any event within JFL's knowledge that terminates the receivership.

21. **Receiver's Final Report and Account and Discharge.**

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
15

a.  *Motion required.*  Discharge of the Receiver shall require a Court order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond, if any.

b.  *Time.*  Not later than 60 days after the receivership terminates, the Receiver shall file, serve and obtain a hearing date on a motion for discharge and approval of the final report and account.

c.  *Notice.*  The Receiver shall give notice to all persons of whom the Receiver is aware who have potential claims against EA.

d.  *Contents of Motion.*  The motion to approve the final report and account and for discharge of the Receiver shall contain the following.

   i.  *Declaration(s).*  Declaration(s) (1) stating what was done during the receivership, (2) certifying the accuracy of the final accounting, (3) stating the basis for the termination of the receivership, and (4) stating the basis for an order for the distribution of any surplus or payment of any deficit.

   ii.  *Accounting summary.*  A summary of the receivership accounting, which shall include (1) the total revenues received, (2) the total expenditures identified and enumerated by major categories, (3) the net amount of any surplus or deficit and (4) evidence of necessary supporting facts.

22. **Notice to Receiver.**  JFL shall promptly notify the Receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel.  The parties shall give notice to the Receiver of all events that affect the receivership.

23. **Consent to Convert Receiver to Bankruptcy Trustee.**  In the event of a bankruptcy, EA, Avenatti and JFL agree and stipulate that Receiver shall serve as the Chapter 11 Trustee pending confirmation by the Bankruptcy Court, or as the Chapter 7 Trustee if permitted by the Bankruptcy Court.

24. **Bankruptcy Receiver's Duties.**  If the Receiver receives notice that an involuntary bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this Order, the Receiver shall have the following duties:

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
16

a.  *Turn over property if no relief from stay will be sought.*  The Receiver shall immediately contact the parties who stipulated to the appointment of the Receiver and determine whether either party intends to move in the bankruptcy court for an order for (i) relief from the automatic stay, and (ii) relief from the Receiver's obligations to turn over the property (11 U.S.C. § 543).  If neither party  intends to make such a motion, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed that is not the Receiver and otherwise comply with 11 United States Code section 543.

b.  *Remain in possession pending resolution.*  If either of the parties who stipulated to the receivership intend to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the property, the Receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)).  The Receiver's authority to preserve the property shall be limited as follows:

   i.   The Receiver may continue to collect rents and other income;

   ii.  The Receiver my make only those disbursements necessary to preserve and protect the property; and

   iii. The Receiver shall not execute any new leases or other long-term contracts without Court approval.

c.  *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.*   If the parties who stipulate to the receivership fail to file a motion within 10 court days after their receipt of notice of the involuntary bankruptcy filing, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.

-11-

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
17

d. *Retain bankruptcy counsel.*  The Receiver may petition the Court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

25. **Failure to Turn Over Property.**  A receiver who fails to turn over property in accordance with this Order shall not be paid for time and expenses after the date the Receiver should have turned the property over.

26. **Liability of the Receiver.**  Except for an act of gross negligence or intentional misconduct, the Receiver shall not be liable for any loss or damages incurred by EA, its officers, shareholders, agents, servants, partners, employees, contractors, creditors, counsel or any other persons or entities by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his duties.

## RESTRAINING ORDER / INJUNCTION

27. **The Court orders EA and Avenatti** to do the following:

a. **Turn Over Property.**  Immediately turn over possession of all property of EA to the Receiver when the appointment becomes effective, including but not limited to all past and current client engagement contracts, case files, books and records, electronic files, and other documents necessary to manage the Receivership Assets and all funds in EA accounts, including client trust accounts.

b. **Access to EA's offices and computer systems.**  Immediately turn over to the Receiver all keys and passwords relating to the property and grant the Receiver unfettered access to EA and all premises related thereto, and all EA computer systems.

c. **Insurance.**

i. Immediately advise the Receiver about the nature and extent of EA's insurance;

ii. Immediately name the receiver as an additional insured on each insurance policy; and

iii. DO NOT cancel, reduce or modify the insurance coverage.

d. **Notify Receiver of Clients and Cases.**  Within 7 days after the appointment of the Receiver, EA and Avenatti, and office manager Judy Regnier must meet with the Receiver and JFL and disclose all current clients and cases being managed by EA and all cases in which the services of an EA attorney or EA resources were provided, whether the case was filed in the name of EA or another law firm.

e. **Respond to Inquiries.**  Immediately respond to all inquiries of the Receiver pertaining to EA.

f. **Disclosure of Bank Accounts.**  Immediately disclose to the Receiver all accounts of EA and client trust accounts, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of EA, or which maintains accounts of the Receiver, or which maintains accounts where EA's employees and agents in such capacity have signatory authority, including but not limited to Michael Avenatti and Judy Regnier.

g. **Payment.**  Pay all amounts due to the Receiver.

h. **Cooperation.**  Avenatti shall fully cooperate with the Receiver for the duration of the receivership, regardless of whether he is employed by or affiliated with EA, including but not limited to directing Judy Regnier and any other former employees of EA to likewise cooperate with the Receiver.

28. **Enjoinment.**  EA, and its owners, partners, employees, agents, managers, attorneys and all persons and entities acting in concert with EA are hereby enjoined and cannot:

a.    Expend, disburse, remove, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any portion of EA's assets, including but not limited to its rights to attorney fees and costs from any client or in connection with any cases in which EA attorneys or resources were used;

b.      Interfere in any way, directly or indirectly, with the Receiver's performance of his/her duties and responsibilities and the exercise of his/her powers and/or doing any act which may impair, defeat, divert, prevent or prejudice the preservation of EA's assets or the proceeds thereof;

c.      Commit or permit any waste of EA's assets or any portion thereof, or suffer or commit or permit any act on EA's assets or any part thereof in violation of law;

d.      Conceal or withhold from the Receiver any EA assets, including any client trust funds, real property, physical property, indirect or beneficial ownership interests, or funds;

e.      Do any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of EA's assets;

f.      Demand, collect, compromise, trade, receive or spend any portion or proceeds of EA's assets; and

g.      Fail to pay over to the Receiver any monies whenever received, presently in the possession, custody or control of EA, its owners, agents, representatives, servants, assigns and all those acting in concert therewith.

29. Nothing in this order excuses or alters any ethical duties that EA and/or EA's attorneys may have to their clients.

Dated: 2/13/2019

*Karen E. Scott*

U.S District Court Magistrate Judge

STIPULATION AND ORDER RE
APPOINTMENT OF RECEIVER AND
RESTRAINING ORDER

EXHIBIT 1
20

EXHIBIT 2

**Jack Reitman**

**To:**           Brian Weiss
**Subject:**      RE: Bankruptcy Filing

From: **Brian Weiss** <bweiss@force10partners.com>
Date: Thu, Mar 7, 2019 at 8:43 PM
Subject: Bankruptcy Filing
To: Michael Avenatti <mavenatti@eaganavenatti.com>, John P. Reitman <jreitman@lgbfirm.com>

Michael,

I received the bankruptcy filing you just filed.  Per our discussion,
based on 14 s.  of the Receivership order:

14. Additional Powers and Duties of the Receiver. The Receiver shall
be authorized to
and shall perform the following duties and functions:
     s. Have the sole authority regarding whether to file a petition
for bankruptcy.

We will need to information the bankruptcy court of this provision
then let them interpret the authority issue.

Regards,

--
Brian Weiss
at Force 10 Partners
A 20341 SW Birch Suite 220, Newport Beach CA 92660
D (949) 357-2368  P (949) 357-2360  M (949) 933-7011  E
bweiss@force10partners.com  W http://force10partners.com

--
**Brian Weiss**
at Force 10 Partners
**A** 20341 SW Birch Suite 220, Newport Beach CA 92660
**D** (949) 357-2368  **P** (949) 357-2360  **M** (949) 933-7011  **E** bweiss@force10partners.com  **W** http://force10partners.com

This message is for the named person's use only. It may contain confidential, proprietary
or legally privileged information. No confidentiality or privilege is waived or lost by
any mistransmission. If you receive this message in error, please immediately delete it
and all copies of it from your system, destroy any hard copies of it and notify the
sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy
any part of this message if you are not the intended recipient. Force 10 Partners and
each of its subsidiaries each reserve the right to monitor all e-mail communications
through its networks.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: ***Receiver's Joinder to Judgment Creditor Jason Frank Law, PLC's Emergency Motion to Dismiss Case or in the Alternative Relief from the Automatic Stay; Declaration of Brian Weiss*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **03/11/19,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael Avenatti**    mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- **Jason M Frank**    jfrank@lawfss.com, mnowowiejski@lawfss.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Jack A Reitman**    jareitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com
- **John P Reitman**    jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **03/11/19** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| The Honorable Catherine Bauer<br>Central District of California<br>Ronald Reagan Federal<br>Building and Courthouse<br>411 West Fourth Street, Suite<br>5165 / Courtroom 5D<br>Santa Ana, CA 92701-4593 | Frank Sims & Stolper LLP<br>19800 MacArthur<br>Boulevard, Suite 855<br>Irvine, CA 92612 | United States Trustee<br>411 W. Fourth St.<br>Suite 7160<br>Santa Ana, CA 92701 | Michael Avenatti<br>450 Newport Ctr. Dr.<br>2nd Floor<br>Newport Beach, CA 92660 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 11, 2019 | Vanessah Richmond | */s/ Vanessah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*