1 | James C. Bastian, Jr. - Bar No. 175415
Melissa Davis Lowe - Bar No. 245521
2 | **SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
3 | Irvine, California 92618
Telephone:    (949) 340-3400
4 | Facsimile:    (949) 340-3000
Email:    JBastian@shbllp.com
5 |     MLowe@shbllp.com

6 | Attorneys for Michael J. Avenatti

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-10822-CB |
| **THE TRIAL GROUP LLP; dba TRIAL GROUP; dba TRG LLP; dba EAGAN O'MALLEY & AVENATTI LLP; dba EAGAN AVENATTI LLP,** | Chapter 11 |
| | **MICHAEL J. AVENATTI'S RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FILING CASE IN VIOLATION OF THE JOINT STIPULATION RE ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER** |
| Debtor. | |
| | [Request for Judicial Notice filed concurrently herewith] |
| | Hearing
Date:    May 8, 2019
Time:    10:00 a.m.
Place:    411 West Fourth Street
    Santa Ana, CA 92701
    Courtroom 5D |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

## **TABLE OF CONTENTS**

**Page**

I. SUMMARY OF ARGUMENT ................................................................................................4

II. FACTUAL BACKGROUND ...................................................................................................5

    A. Prior Bankruptcy Proceeding ......................................................................................5

    B. Receivership Proceedings ...........................................................................................5

    C. The Instant Bankruptcy Proceeding ............................................................................6

III. ARGUMENT IN SUPPORT OF RESPONSE ........................................................................7

    A. Authority for Imposition of Sanctions Pursuant to Rule 9011(b)(1) ..........................7

    B. The Bankruptcy Was Not Filed For an Improper Purpose Because the Automatic Stay Was Necessary to Protect the Debtor's Assets and Its Creditors ...................................................................................................................8

    C. The Bankruptcy Was Not Filed an Improper Purpose Because Case Law Generally Provides an Absolute Right to File a Bankruptcy Petition ......................10

        1. Pendency of a Receivership Does Not Normally Prevent a Bankruptcy Filing ..............................................................................................10

        2. The Receivership Was Not Substantially Underway When the Bankruptcy Was Filed ........................................................................................10

        3. The Receiver Order Contemplated a Bankruptcy Filing ..............................12

    D. The Bankruptcy Was Not Filed For an Improper Purpose Because Avenatti Invoked the Court's Retained Jurisdiction ...............................................................13

IV. CONCLUSION .......................................................................................................................13

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

2

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Barbara v. Miller*,
    146 F.3d 707, 711 (9th Cir. 1988) .................................................................................. 8

*In re Kreisers, Inc.*,
    112 B.R. 996, 1000 (Bankr. S.D. 1990) ......................................................................... 10

*In re Loyd*,
    304 B.R. 372, 374 (9th Cir. BAP 2003) .......................................................................... 8

*In re Starbuck, Inc.*,
    14 B.R. 134 (Bankr. S.D.N.Y. 1981) ............................................................................... 11

*Jordan v. Independent Energy Corp.*,
    446 F. Supp. 516, 524 (N.D. Tex. 1978) ........................................................................ 10

*SEC v. Bartlett*,
    422 F.2d 475 (8th Cir. 1970) ..................................................................................... 11, 12

*SEC v. Lincoln Thrift, Assn.*,
    577 F.2d 600, 609 (9th Cir. 1978) ........................................................................ 10, 11, 12

*United States v. Royal Business Funds Corp.*,
    29 Bankr. 777, 780 (D.C. N.Y. 1983) ........................................................................ 10, 11

*Zeitinger v. Hargadine-McKittrick Dry Goods Co.*,
    244 F. 719 (8th Cir. 1917) .............................................................................................. 11

**RULES**

Fed. R. Civ. P. 11, Adv. Comm. Notes, 1993 Amended ...................................................... 8

Federal Rule of Bankruptcy Procedure 9011 .................................................................. 7, 8

Federal Rule of Bankruptcy Procedure 9011(b)(1) .......................................................... 10

Federal Rule of Bankruptcy Procedure 9011(c)(2) ............................................................ 8

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1                3

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

### I.   SUMMARY OF ARGUMENT

Michael J. Avenatti ("Avenatti") hereby submits his Response to the Court's Order to Show Cause Re Sanctions For Filing Case in Violation of the Joint Stipulation re Order Appointing Receiver and Issuing Restraining Order. As will be discussed in detail below, the bankruptcy was filed for a legitimate purpose, namely, to protect the assets of the bankruptcy estate ("Estate") of The Trial Group LLP; dba Trial Group; TRG LLP; dba Eagan O'Malley & Avenattii LLP; dba Eagan Avenatti LLP ("Debtor") and all of the Debtor's creditors. The bankruptcy filing was not intended to cause unnecessary delay or expense but rather, was the only mechanism available to bring some fairness and order to payment of the multiple claims being asserted against the Debtor.

There is no basis to order sanctions against Avenatti because: (1) the automatic stay was necessary in order to protect assets of the Estate and all of the Debtor's creditors given the aggressive enforcement actions being taken by judgment creditor Jason Frank Law, PLC ("Judgment Creditor"); (2) with no language in the Receiver Order (defined below) enjoining creditors from collection activity, the bankruptcy was the only mechanism to address the multiple liabilities and claims being made against the Debtor by invoking the automatic stay; (3) the Judgment Creditor made no earnest effort to participate in mediation or to resolve its judgment against the Debtor despite its agreement to do so; (4) case law is clear that generally, a receivership does not and cannot prevent the filing of a bankruptcy petition; (5) the Receiver Order contemplated a bankruptcy filing; and (6) this Court retained jurisdiction over the Debtor when its prior case was dismissed.

For all these reasons which will be discussed in greater detail below, Federal Rule of Bankruptcy Procedure ("Rule") 9011 provides no basis for the imposition of sanctions against Avenatti. Avenatti respectfully requests that the Court vacate the OSC and refrain from issuing any sanctions against him or against the Debtor.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

4

## II.    FACTUAL BACKGROUND

### A.    Prior Bankruptcy Proceeding

On March 1, 2017, an involuntary Chapter 11 bankruptcy petition commenced against Eagan Avenatti LLP in the Middle District of Florida was transferred to the Central District of California, Santa Ana Division, commencing Case No. 8:17-bk-11961-CB ("Involuntary Case").

On March 15, 2018, this Court entered an Order Granting Motion Approving Settlement and Dismissing Case and Related Relief ("Dismissal Order") in the Involuntary Case. A true and correct copy of the Dismissal Order is attached to the Request for Judicial Notice ("RJN") as Exhibit "1."

The Dismissal Order approved a settlement reached between the Debtor and the Judgment Creditor which provided terms for a restructure and payment of the Debtor's creditors over time, and dismissed the case. Essentially, the Debtor planned to restructure its debts similar to a plan in a Chapter 11 setting, but outside of Bankruptcy Court.

The Dismissal Order stated in pertinent part that: "The Court retains post-dismissal jurisdiction pursuant to LBR 1017-2(f) and as set forth in the Motion."

The Debtor began making payments under the settlement which was approved by the Dismissal Order but ultimately, was unable to fully comply with the payment terms.

### B.    Receivership Proceedings

On September 4, 2018, the Judgment Creditor registered a judgment entered against Eagan Avenatti, LLP with the District Court for the Central District of California, commencing Case No. 8:18-CV-01644-VAP-KES ("District Court Case").

On February 12, 2019, Judgment Creditor filed a motion to appoint a receiver over Eagan Avenatti, LLP in the District Court Case.

The parties discussed the Judgment Creditor's motion and how to possibly resolve it. The Debtor ultimately agreed to the appointment of a receiver, based at least in part on the parties agreeing to attend mediation and to attempt to resolve the Judgment Creditor's judgment against the Debtor, and to continue a judgment debtor examination ("JDE") of Avenatti and the Debtor scheduled for February 14, 2019. The Judgment Creditor insisted that the JDE proceed in a public form in open court despite the Debtor and Avenatti's request that it be held in private.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1    5

On February 13, 2019, the District Court entered the Order Appointing Receiver and Issuing Restraining Order ("Receiver Order") in the District Court Case. A true and correct copy of the Receiver Order is attached to the Request for Judicial Notice ("RJN") as Exhibit "2." The Receiver Order was prepared by the Judgment Creditor and its counsel. The Receiver Order was based on a Joint Stipulation entered into between the Judgment Creditor, the Debtor, and Avenatti individually. As part of the Receiver Order, and because the parties had agreed to attend mediation and attempt to resolve their disputes, the JDE scheduled for Avenatti and the Debtor was continued from February 14, 2019 to March 8, 2019.

Despite the parties' agreement to do so, no earnest effort was made to resolve or mediate the Judgment Creditor's judgment. In fact, the only settlement proposals made by the Judgment Creditor included terms which were essentially impossible for the Debtor to meet.

**C.    The Instant Bankruptcy Proceeding**

On March 7, 2019, Avenatti filed a voluntary Chapter 11 bankruptcy proceeding on behalf of The Trial Group LLP; dba Trial Group; dba TRG LLP; dba Eagan O'Malley & Avenatti LLP; dba Eagan Avenatti LLP.

On March 8, 2019, Judgment Creditor filed an Emergency Motion to Dismiss Case or in the Alternative, Relief From the Automatic Stay ("Motion").

A hearing on the Motion was held on March 13, 2019 at which time the Court granted the Motion. At the hearing, the Court also noted that it would issue an Order to Show Cause.

On March 15, 2019, the Court entered the Order to Show Cause re Sanctions For Filing Case in Violation of the Joint Stipulation re Order Appointing Receiver and Issuing Restraining Order ("OSC"). A true and correct copy of the OSC is attached to the RJN as Exhibit "3." The OSC states at Paragraph 2:

> Avenatti shall show cause, if any, why he should not be sanctioned for filing this bankruptcy case without authority and in violation of his responsibilities under Bankruptcy Rule 9011 in that it appears this bankruptcy case was presented for an improper purpose and to cause unnecessary delay or needless increase in the cost of litigation, in violation of Bankruptcy Rule 9011(b)(1).

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1    6

### III.    ARGUMENT IN SUPPORT OF RESPONSE

**A.    Authority for Imposition of Sanctions Pursuant to Rule 9011(b)(1)**

Rule 9011 provides in pertinent part as follows:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> . . .
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) How Initiated.
>
> (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.
>
> (B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
>
> (2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

7

<u>penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.</u>

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

<u>(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.</u>

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Federal Rule of Bankruptcy Procedure 9011 (emphasis supplied.)

The Court may not award compensatory damages but rather, only sanctions paid to the Court. *See,* Rule 9011(c)(2); *Barbara v. Miller*, 146 F.3d 707, 711 (9th Cir. 1988) (quoting Fed. R. Civ. P. 11, Adv. Comm. Notes, 1993 Amended ("monetary sanction imposed after a court-initiated show cause order [is] limited to a penalty payable to the court.")). Further, attorney fees are not available as a sanction. *See,* Rule 9011(c)(2); *In re Loyd*, 304 B.R. 372, 374 (9th Cir. BAP 2003).

As will be demonstrated below, there is no basis for any award of sanctions as the bankruptcy was filed in good faith in an effort to protect the assets of the Debtor and its creditors.

**B.** **The Bankruptcy Was Not Filed For an Improper Purpose Because the Automatic Stay Was Necessary to Protect the Debtor's Assets and Its Creditors**

The bankruptcy was not filed for an improper purpose. Rather, the bankruptcy was filed because the automatic stay was necessary to protect the assets of the Estate and all of the Debtor's creditors. The Judgment Creditor has been taking aggressive judgment enforcement actions which threatened to dissipate the assets of the Debtor to the detriment of the Debtor's other creditors. In particular, the Judgment Creditor insists that the JDE proceed in a way that could be detrimental to the creditors of the Debtor, specifically that the JDE take place in a public forum. The JDE would certainly include the discussion of detailed financial information of the Debtor. The problem is that the assets of the Debtor, a law firm, include its case load and its expected contingency fees to be received in its cases. In order for the Judgment Creditor to evaluate the assets of the Debtor, the

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1    8

Debtor would need to provide in depth information and analysis regarding the merits of each case. If made public, such information could have a detrimental impact on the Debtor, the Debtor's clients and its creditors. If defendants in the Debtor's cases obtain information regarding valuation of the case, such defendants could use the information to their advantage and jeopardize the outcome of the litigation. Because the Judgment Creditor absolutely refused to hold the JDE in private, the only way to protect the assets of the Debtor was to file for bankruptcy protection.

Moreover, the receivership does not provide adequate protection of the Estate and its assets. The Receiver Order does not contain any language restraining creditors and other parties from commencing, prosecuting or continuing collection or other claims against the Debtor while in the receivership. It is not uncommon, and in fact it appears to be the predominant practice, that an order appointing a receiver includes language that restrains and enjoins all parties from taking any action against the party put into receivership. The language commonly used is similar to the automatic stay language of Section 362(a). Here, however, because the Judgment Creditor's attorneys drafted the Receiver Order, the Receiver Order did not include any language to restrain creditors from commencing collection or other claims against the Debtor. As such, the automatic stay, only possible through a bankruptcy filing because the Receiver Order did not enjoin any lawsuits or collection actions, was the only mechanism available to bring some fairness and order to the multiple claims being made against the Debtor.

Finally, the Debtor agreed to the appointment of a receiver in the District Court Case because the Judgment Creditor agreed to attend mediation and to attempt to resolve its judgment against the Debtor. Despite such agreement, there has been no earnest effort made to attend mediation or to resolve the disputes. The demands made by the Judgment Creditor during settlement discussions have been such that it would be impossible for the Debtor to settle. For example, the Judgment Creditor demanded payment of $1 million within twenty-four hours and demanded that the Judgment Creditor take over the Debtor's largest lawsuit. The Debtor simply could not agree to the demands made by the Judgment Creditor. It seems the Judgment Creditor's agreement to discuss a resolution was done only to entice Avenatti to agree to the appointment of a receiver. After realizing

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

9

all attempts to settle with the Judgment Creditor were futile, the bankruptcy filing was necessary in order to protect the Debtor's assets.

Accordingly, the bankruptcy was filed in good faith and Rule 9011(b)(1) provides no basis for an award of sanctions against Avenatti.

## C. The Bankruptcy Was Not Filed an Improper Purpose Because Case Law Generally Provides an Absolute Right to File a Bankruptcy Petition

Likewise, Rule 9011(b)(1) provides no basis for an award of sanctions because case law provides that absent limited exceptions not present here, the pendency of a receivership does not prevent the filing of a bankruptcy petition.

### 1. Pendency of a Receivership Does Not Normally Prevent a Bankruptcy Filing

Case law is clear that generally, a receivership does not and cannot prevent the filing of a bankruptcy petition. The pendency of a receivership does not ordinarily prevent the filing of a voluntary petition. *See, In re Kreisers, Inc.,* 112 B.R. 996, 1000 (Bankr. S.D. 1990) (citations omitted.) Overwhelming authority holds that, "the pendency of an equity receivership in a federal district court would not by itself prevent a corporation from filing a voluntary petition in bankruptcy." *See, Jordan v. Independent Energy Corp.,* 446 F. Supp. 516, 524 (N.D. Tex. 1978). While there are some exceptions to the general rule, such as the receivership being substantially underway, none of those exceptions are present in this case.

### 2. The Receivership Was Not Substantially Underway When the Bankruptcy Was Filed

Notwithstanding the general rule that a pending receivership does not impair the ability to file a bankruptcy petition, some courts have found that a pending federal receivership can bar the filing of a bankruptcy petition if it finds compelling circumstances to do so. While not common, a court may preclude petitions in bankruptcy where there are compelling circumstances. *SEC v. Lincoln Thrift, Assn.,* 577 F.2d 600, 609 (9th Cir. 1978).

"One may file for bankruptcy unless the debtor meets one of Congress' narrowly tailored exceptions, conducts fraud on a federal court, or is involved with a federal receivership substantially underway." *Kreisers*, 112 B.R. at 996 (*citing United States v. Royal Business Funds Corp.,* 29 Bankr. 777, 780 (D.C. N.Y. 1983), aff'd 724 F.2d 12 (2nd Cir. 1983)); *SEC v. Bartlett*, 422 F.2d 475

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1

10

(8th Cir. 1970); *Zeitinger v. Hargadine-McKittrick Dry Goods Co.,* 244 F. 719 (8th Cir. 1917); *In re Starbuck, Inc.,* 14 B.R. 134 (Bankr. S.D.N.Y. 1981)).

> We by no means intend to disturb the general rules that a debtor may not agree to waive the right to file a bankruptcy petition, that the pendency of an equitable receivership rarely precludes a petition in bankruptcy, *see In re Federal Shopping Way, Inc.,* 433 F.2d 144 (9th Cir. 1970); *In re Prudence Co.,* 79 F.2d 77 (2d Cir. 1935); *In re Yaryan Naval Stores Co.,* 214 F. 563 (6th Cir. 1914), or that equity receiverships should not "perform the functions of the bankruptcy court." *Esbitt v. Dutch-American Mercantile Corp.,* 335 F.2d 141, 143 (2d Cir. 1964). Nevertheless, a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition and federal courts have disallowed petitions where a liquidation under a receiver is substantially under way. *SEC v. Lincoln Thrift Association,* 577 F.2d 600, 609 (9th Cir. 1978); *SEC v. Bartlett,* 422 F.2d 475, 477-79 (8th Cir. 1970); *Esbitt, supra.*

*United States v. Royal Business Funds Corp.,* 724 F.2d 12, 15 (2nd Cir. 1983).

In *Royal*, the receiver had been operating the company for over one year, the debtor stipulated to the receivership, and once under the receivership, the debtor obtained more than $3.5 million in new SBA loans (the SBA was the only significant creditor) before later filing the bankruptcy petition. *Id.* at 14. The stipulation gave the SBA the exclusive power to collect and administer the debtor's assets and limited the board of directors' powers to the appointment and replacement of counsel. *Id.* The court stayed the Chapter 11 proceeding filed by the company upon a vote of the board of directors and noted multiple reasons for doing so, including that the receiver had been operating the company for over one year, there were no significant creditors other than the SBA, the debtor consented to the receivership, the debtor obtained $3.5 million in new SBA loans as a result of its consent to the receivership, the bankruptcy filing would disrupt the receiver's attempts to improve the company's financial viability and that the debtor offered no reason justifying the filing of the bankruptcy petition. *Id.* at 16. The Court did not issue any sanctions or other relief against the debtor or its counsel.

The most significant factor in determining whether a federal receivership acts to bar a bankruptcy filing is whether substantial progress had been made in the receivership. For example, in *SEC v. Lincoln Thrift*, the district court disallowed the request to transfer to the receivership to bankruptcy court but noted that the question was close and ultimately, based its decision primarily

on "how far the liquidation has progressed." *Lincoln* at 607-08. The *Lincoln Thrift* court focused on the fact that it would be impractical and expensive to transfer the proceedings to the bankruptcy court because "the liquidation proceedings were in an advanced stage." *Id.* at 609. In fact, the receiver had been in place for over one year and an initial distribution had already been made to creditors. *Id.* Likewise, in *SEC v. Bartlett*, the district court refused to vacate the receivership because there had already been substantial progress toward liquidation and the district court had ordered an early distribution to creditors. *See, SEC v. Bartlett*, 422 F.2d 475, 480 (8th Cir. 1975).

Unlike the cases cited above, here, the receiver was in place for less than one month before the bankruptcy was filed, there had been no distributions to creditors, there had been little to no progress toward liquidation, and there was more than one creditor in the case. Further, even in the cases where the court found the receivership barred the bankruptcy filing, sanctions were not issued against the filing party or its counsel.

### 3.    The Receiver Order Contemplated a Bankruptcy Filing

Further, the terms of the Receiver Order did not prohibit Avenatti from filing a bankruptcy for the Debtor. The Receiver Order is ambiguous as to who may file a bankruptcy petition saying:

> 14. **Additional Powers and Duties of the Receiver.** The Receiver shall be authorized to and shall perform the following duties and functions:
>
> . . .
>
> s.    Have the sole authority regarding whether to file a petition in bankruptcy.

This language is ambiguous in that it does not state that only the Receiver may file a petition but rather, that only the Receiver may decide whether to file a petition in bankruptcy.

Finally, the Receiver Order at Paragraph 23 contemplated a bankruptcy filing and even stated that Brian Weiss would serve as the trustee if a bankruptcy was filed. Specifically, it states:

> 23. **Consent to Convert Receiver to Bankruptcy Trustee.** In the event of a bankruptcy, EA, Avenatti and JFL agree and stipulate that Receiver shall serve as the Chapter 11 Trustee pending confirmation by the Bankruptcy Court, or as the Chapter 7 Trustee if permitted by the Bankruptcy Court.

Taking all of the above into account, it is clear the bankruptcy was not filed for an improper purpose. As such, Rule 9011(b)(1) provides no basis for the imposition of sanctions against Avenatti.

**D. The Bankruptcy Was Not Filed For an Improper Purpose Because Avenatti Invoked the Court's Retained Jurisdiction**

Finally, the imposition of sanctions is not proper because Avenatti merely invoked this Court's retained jurisdiction. In particular, the Dismissal Order stated at Paragraph 10: "The Court retains post-dismissal jurisdiction pursuant to LBR 1017-2(f) and as set forth in the Motion." The Dismissal Order expressly preserved this Court's jurisdiction for the Court to interpret all orders and ancillary matters attendant to the Involuntary Case. Essentially, the Dismissal Order acted as a way to restructure debts and pay creditors outside of court similar to the Chapter 11 plan process. Like a standard Chapter 11 plan, the Dismissal Order included language that the Court retained jurisdiction in the event of an issue with the plan, such as a default. That is what happened here – there was a default in the payment terms set forth in the Dismissal Order and the Debtor then re-filed the case invoking this Court's retention of jurisdiction under the Dismissal Order.

In summary, the instant bankruptcy filing merely re-invoked this Court's retained jurisdiction under the Dismissal Order. The bankruptcy was not filed to harass or to cause unnecessary delay or a needless increase in the cost of litigation. For all these reasons, Avenatti respectfully requests that the Court vacate the OSC and not award any amount of sanctions against Avenatti individually or the Debtor.

## IV. CONCLUSION

For the reasons set forth herein, Avenatti respectfully requests that the Court vacate the OSC and not issue an award of sanctions.

**SHULMAN HODGES & BASTIAN LLP**

DATED: April 17, 2019       By:   /s/ Melissa Davis Lowe
                                   James C. Bastian, Jr.
                                   Melissa Davis Lowe
                                   Attorneys for Michael J. Avenatti

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1354862.1         13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **MICHAEL J. AVENATTI'S RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FILING CASE IN VIOLATION OF THE JOINT STIPULATION RE ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 17, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 17, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge's Copy: Hon Catherine E Bauer, US Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth Street, Suite 5165, Santa Ana, CA 92701**

**Interested Party: United States Trustee, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, #9041, Santa Ana, California 92701-8000**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2019 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

**NEF SERVICE LIST**

Michael Avenatti on behalf of Debtor The Trial Group LLP
mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com

James C Bastian, Jr on behalf of Interested Party Michael Avenatti
jbastian@shbllp.com

Jason M Frank on behalf of Creditor Jason Frank Law, PLC
jfrank@lawfss.com, mnowowiejski@lawfss.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

R Gibson Pagter, Jr. on behalf of Creditor 520 Newport Center Drive, LLC
gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com

Jack A Reitman on behalf of Interested Party Brian Weiss
jareitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com

John P Reitman on behalf of Interested Party Courtesy NEF
jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

James R Selth on behalf of Interested Party Courtesy NEF
jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**