James C. Bastian, Jr. - Bar No. 175415
Melissa Davis Lowe - Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:       JBastian@shbllp.com
             MLowe@shbllp.com

Attorneys for Michael J. Avenatti

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**THE TRIAL GROUP LLP; dba TRIAL GROUP; dba TRG LLP; dba EAGAN O'MALLEY & AVENATTI LLP; dba EAGAN AVENATTI LLP,**<br><br>Debtor. | Case No. 8:19-bk-10822-CB<br><br>Chapter 11<br><br>**MICHAEL J. AVENATTI'S MOTION TO STAY CONTEMPT PROCEEDINGS PENDING RESOLUTION OF RELATED CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>**Hearing:**<br>Date:  May 8, 2019<br>Time:  10:00 a.m.<br>Place: Courtroom 5D<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Michael J. Avenatti ("Avenatti") hereby submits his Motion to Stay Contempt Proceedings Pending Resolution of Related Criminal Action ("Motion") as follows.

### I.    SUMMARY OF ARGUMENT

The personal and legal landscape for Avenatti has materially changed since he was last before this Court – changes which necessitate the immediate stay of the instant contempt proceeding. Most recently, on April 10, 2019, a federal grand jury in the Central District of California returned

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1                    1

an indictment against him on claims including tax fraud and bankruptcy fraud in Case No. SACR19-00061 ("Indictment"). Due to the Indictment and the serious impact of the allegations contained therein, Avenatti is faced with the untenable position of defending the criminal proceedings while at the same time defending this Court's Order to Show Cause re Sanctions For Filing Case in Violation of the Joint Stipulation re Order Appointing Receiver and Issuing Restraining Order ("OSC"). Given the ongoing criminal investigation and the recent Indictment, Avenatti must assert his Fifth Amendment right not to incriminate himself. As a direct result of Avenatti exercising his fundamental constitutional right against self-incrimination, Avenatti cannot adequately defend himself in this Court's pending OSC, let alone develop any evidence that may exonerate him in this case.

If the instant contempt proceeding is permitted to proceed concurrently with the criminal investigation, Avenatti will be forced into the unfair and inequitable position of choosing between asserting his Fifth Amendment constitutional right against self-incrimination, which would impair his ability to defend himself in the OSC, on the one hand, and waiving his constitutional rights, which would damage his ability to defend himself in the criminal case. In either event, Avenattii is unduly and unnecessarily prejudiced.

Moreover, a stay of the OSC would result in the most efficient use of judicial resources, as this Court's resources utilized during a stay would be nominal. Allowing the criminal case to proceed while the OSC is stayed appears to be the best way to ensure this Court's time and resources are not wasted.

In the interest of affording Avenatti the opportunity for a fair trial in both the OSC and the criminal proceedings and to ensure the best and most efficient use of judicial resources, Avenatti respectfully requests that this Court stay the OSC pending resolution of the criminal case.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1        2

## II. RELEVANT FACTUAL BACKGROUND

### A. Prior Bankruptcy Proceeding

On March 1, 2017, an involuntary Chapter 11 bankruptcy petition commenced against Eagan Avenatti LLP (the "Firm") in the Middle District of Florida was transferred to the Central District of California, Santa Ana Division, commencing Case No. 8:17-bk-11961-CB ("Involuntary Case").[1]

On March 15, 2018, this Court entered an Order Granting Motion Approving Settlement and Dismissing Case and Related Relief ("Dismissal Order") in the Involuntary Case.

The Dismissal Order approved a settlement reached between the Firm and Jason Frank Law, PLC (the "Judgment Creditor") which provided terms for a restructure and payment of the Firm's creditors over time, and dismissed the case. Essentially, the Firm planned to restructure its debts similar to a plan in a Chapter 11 setting, but outside of Bankruptcy Court.

The Firm began making payments under the settlement which was approved by the Dismissal Order but ultimately, was unable to fully comply with the payment terms.

### B. Receivership Proceedings

On September 4, 2018, the Judgment Creditor registered a judgment entered against the Firm with the District Court for the Central District of California, commencing Case No. 8:18-CV-01644-VAP-KES ("District Court Case").[2]

On February 12, 2019, Judgment Creditor filed a motion to appoint a receiver over the Firm in the District Court Case.

The parties discussed the Judgment Creditor's motion and how to possibly resolve it. The Firm ultimately agreed to the appointment of a receiver, based at least in part on the parties agreeing to attend mediation and to attempt to resolve the Judgment Creditor's judgment against the Firm and to continue a judgment debtor examination ("JDE") of Avenatti and the Firm scheduled for February 14, 2019.

---

[1] A true and correct copy of the docket for the Involuntary Case is attached to the Request for Judicial Notice ("RJN") as Exhibit "1."

[2] A true and correct copy of the docket for the District Court Case is attached to the RJN as Exhibit "2."

On February 13, 2019, the District Court entered the Order Appointing Receiver and Issuing Restraining Order ("Receiver Order") in the District Court Case. The Receiver Order was based on a Joint Stipulation entered into between the Judgment Creditor, the Firm, and Avenatti individually. As part of the Receiver Order, and because the parties had agreed to attend mediation and attempt to resolve their disputes, the JDE scheduled for Avenatti and the Firm was continued from February 14, 2019 to March 8, 2019.

**C.    The Instant Bankruptcy and Contempt Proceedings**

On March 7, 2019, Avenatti filed a voluntary Chapter 11 bankruptcy proceeding on behalf of The Trial Group LLP; dba Trial Group; dba TRG LLP; dba Eagan O'Malley & Avenatti LLP; dba Eagan Avenatti LLP (the "Debtor"), commencing the instant case.

On March 8, 2019, Judgment Creditor filed an Emergency Motion to Dismiss Case or in the Alternative, Relief From the Automatic Stay ("Motion").

A hearing on the Motion was held on March 13, 2019 at which time the Court granted the Motion. At the hearing, the Court also noted that it would issue an Order to Show Cause.

On March 15, 2019, the Court entered the OSC. A true and correct copy of the OSC is attached to the RJN as Exhibit "3." Avenatti's response to the OSC is due no later than April 17, 2019 and a hearing on the OSC is set to take place on May 8, 2019. A true and correct copy of the docket for this case is attached to the RJN as Exhibit "4."

The JDE took place on April 11, 2019. At that time, Avenatti pled his Fifth Amendment right against self-incrimination and did not answer any questions.

**D.    Pending Criminal Action**

On or about March 25, 2019, claims were filed by the U.S. Attorney's Office of the Southern District of New York against Avenatti relating to wire fraud, bank fraud, and extortion.

On April 10, 2019, a federal grand jury in the Central District of California returned the Indictment against Avenatti.

While Avenatti contests the OSC, in light of the criminal case, he intends, upon the advice of counsel, to assert his Fifth Amendment privilege until the criminal case is concluded.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1    4

### III. ARGUMENT

#### A. Authority Regarding Stay of a Civil Proceeding

The Fifth Amendment privilege against self-incrimination extends to "any matter that may tend to incriminate him." Cal. Evid. Code § 940. The privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States,* 406 U.S. 441, 444-445 (1972). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Blackburn v. Superior Court*, 21 Cal.App.4th 414, 427 (1993) (*quoting Hoffman v. United States*, 341 U.S. 479, 486 (1951)).

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989); *SEC v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980) (*cert. denied*, 449 U.S. 993 (1980)). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Dresser*, 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[] to require such action.'" *Id.* at 1375 (*quoting United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. Jan. 18, 1995) (*quoting Molinaro*, 889 F.2d at 902). The court's primary consideration in deciding whether or not to stay an action is "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324.

> In addition, the decision maker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3)

the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.*

Where, as here, a party is under indictment on serious charges involving overlapping facts, there is a strong case for stay. *See generally, SEC v. Alexander,* 2010 WL 5388000 *3 (N.D. Cal Dec. 22, 2010) (staying SEC action alleging fraud on investors in light of parallel criminal case based on related allegations). This is because allowing a civil action to proceed against a party under indictment risks undermining the defendant's Fifth Amendment privilege, expanding criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), exposing the defense strategy to the prosecution before the criminal trial, and causing other prejudice. *Id.*

As established below, a review of the totality of the *Keating* factors warrants a stay of the OSC against Avenatti.

**B.    The Facts of this Case Warrant a Stay of the OSC Under the *Keating* Factors**

1.    Courts Routinely Issue Stays of a Civil Action Where a Party is Under Indictment for a Serious Offense

In *Dresser,* the Court set forth the rationale for staying parallel civil actions in light of pending criminal cases:

> …the strongest case for deferring civil proceedings until the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The non-criminal proceeding, if not deferred, may undermine the party's 5th Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*SEC v. Dresser Industries, Inc.,* 628 F.2d at 1375-76.

Here, all of the risks outlined by the court in *Dresser* are present. The criminal proceedings implicate testimony regarding the alleged misappropriation of funds by the Firm, the Debtor and/or Avenatti; the assets and liabilities of the Firm and the Debtor; statements made by Avenatti under oath in pleadings and documents filed in the Involuntary Case; and the actions taken by Avenatti in

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1        6

the Involuntary Case. The instant bankruptcy case and the OSC involve and relate directly to those same issues and to the facts of the Involuntary Case. Because of the overlapping facts, Avenatti intends to assert his Fifth Amendment privilege and will not provide any declaration in response to the OSC.

If the OSC proceeds, Avenatti will be put in the unfair position of having to choose between asserting his Constitutional rights to protect him in the criminal case or waiving those rights to defend the OSC. Instead, Avenatti should be allowed to assert his constitutional rights without fear of adverse inferences. Accordingly, this *Keating* factor supports that a stay of the OSC is necessary.

2. <u>The Court and the Opposing Parties Will Not Be Prejudiced by a Stay of the OSC</u>

The Court and the Judgment Creditor will not be prejudiced by a stay. To establish prejudice, parties must do more than simply claim delay in expeditiously pursuing claims. *In re Adelphia Communications Securities Litigation,* 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) (stay granted where plaintiff failed to demonstrate sufficient prejudice). No party can establish that any unique injury would be caused by the delay.

As will be discussed in Avenatti's response to the OSC, attorneys fees and compensatory damages are not available to the Judgment Creditor. See, Fed.R.Bankr.Proc. 9011(c)(2); *Barbara v. Miller*, 146 F.3d 707, 711 (9th Cir. 1988) (quoting Fed. R. Civ. P. 11, Adv. Comm. Notes, 1993 Amended ("monetary sanction imposed after a court-initiated show cause order [is] limited to a penalty payable to the court.")).

Further, the fact that the criminal case is proceeding vitiates against a claim that memories will fade or facts will be forgotten during a stay of the civil case. As the court in *Alexander* recognized, concerns about fading memories are "mitigated by the fact that the criminal prosecution is already underway, and key witnesses in the civil case are also likely to provide testimony or documents in the criminal proceeding. The active criminal case may help keep witnesses' memories fresh, preserve the testimony of witnesses who later become unavailable, and ensure the retention of important evidence and documents" *SEC v. Alexander,* 2010 WL 5388000 at *4.

The Court and the Judgment Creditor will thus not be prejudiced by a stay of the OSC pending the outcome of the criminal proceedings.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1            7

### 3. Avenatti Will Be Unfairly Prejudiced if He is Forced to Proceed on the OSC

The burden on Avenatti in defending the OSC while simultaneously defending the criminal case is significant. The hearing on the OSC is set for May 8, 2019 with Avenatti's response due on April 17, 2019. As discussed above, absent a stay, Avenatti will be forced to choose between preserving or waiving his right to remain silent during the OSC proceedings.

Moreover, absent a stay, Avenatti will be forced to divide his time and resources between the criminal case and the OSC proceeding. As such, a stay of the OSC is necessary.

### 4. Staying the OSC Will Preserve Judicial Resources and Ensure the Efficient Use of the Court's Time

Avenatti's counsel is well aware that one of the goals of many, if not all, of the bankruptcy courts within the Central District of California is to move its cases along in an efficient and expeditious manner. Avenatti will make no assumptions as to what this Court will deem convenient in the management of its cases. That said, Avenatti believes a stay of the OSC will avoid prospective discovery motions brought by the parties arising out of an assertion of the Fifth Amendment. To be sure, Avenatti will not declare to anything in response to the OSC. He will simply plead the Fifth Amendment.

While Avenatti appreciates a court's desire to keep its cases moving in an efficient manner, the desire to keep a case moving should not be to the material detriment of a litigant – as such a result would elevate form over substance. Avenatti believes a stay of the OSC while the criminal action proceeds would result in an efficient use of judicial resources, as Court resources utilized during a stay would be nominal. As such, this *Keating* factor weighs in favor of staying the OSC.

### 5. The Interest of Persons Not Parties to the Civil Litigation Will Not Be Negatively Impacted by a Stay

The only non-party that has any interest in the OSC is the government. The government has no appropriate compelling interest in seeing that the OSC proceed alongside the criminal case. Instead, the criminal proceedings should take precedence. As noted in *SEC v. Nicholas*, allowing the civil and criminal cases to proceed simultaneously "would undermine the public's right to fair and efficient prosecution of its criminal laws, distract the [criminal] Defendants and the USAO from

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1        8

fully preparing their respective cases, and divert the Court's attention with burdensome discovery litigation and duplicative law and motion." *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1067 (C.D. Cal. 2008).

Because non-parties will not be substantially impacted, a stay is warranted.

6. <u>The Interest of the Public in the Pending Civil and Criminal Litigation Favor a Stay</u>

Courts have confirmed that the rights of the public are greater in a criminal case than in a civil case. *Alexander*, 2010 WL 53880004 at *6 (*citing Nicholas*, 569 F.Supp.2d at 1072 (while interest of the public in an action brought by a government are more serious than in a private civil action, the public's interest in a criminal action takes precedence)). Here, the public interest is best served by giving precedence to the criminal case and staying the OSC.

Based on all of the above, the *Keating* factors weigh in favor of staying the OSC.

## IV.    CONCLUSION

Based on the foregoing, Avenatti respectfully requests the Court enter an order staying the OSC to allow the criminal case to proceed and for any other and further relief as is appropriate.

**SHULMAN HODGES & BASTIAN LLP**

DATED: April 17, 2019     By:    /s/ Melissa Davis Lowe
James C. Bastian, Jr.
Melissa Davis Lowe
Attorneys for Michael J. Avenatti

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\56\1355719.1              9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California  92618**

A true and correct copy of the foregoing document entitled (*specify*): **MICHAEL J. AVENATTI'S MOTION TO STAY CONTEMPT PROCEEDINGS PENDING RESOLUTION OF RELATED CRIMINAL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 17, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **April 17, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy: Hon Catherine E Bauer, US Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth Street, Suite 5165, Santa Ana, CA 92701**

**Interested Party: United States Trustee, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, #9041, Santa Ana, California 92701-8000**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **April 17, 2019** | **Lorre Clapp** | **/s/ Lorre Clapp** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**NEF SERVICE LIST**

Michael Avenatti on behalf of Debtor The Trial Group LLP
mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com

James C Bastian, Jr on behalf of Interested Party Michael Avenatti
jbastian@shbllp.com

Jason M Frank on behalf of Creditor Jason Frank Law, PLC
jfrank@lawfss.com, mnowowiejski@lawfss.com

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

R Gibson Pagter, Jr. on behalf of Creditor 520 Newport Center Drive, LLC
gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com

Jack A Reitman on behalf of Interested Party Brian Weiss
jareitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com

John P Reitman on behalf of Interested Party Courtesy NEF
jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

James R Selth on behalf of Interested Party Courtesy NEF
jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**