JOHN P. REITMAN (State Bar No. 80579)
jreitman@lgbfirm.com
JACK. A. REITMAN (State Bar No. 283746)
jareitman@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1880 Century Park East, Suite 1101
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Brian Weiss,
Receiver for Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE TRIAL GROUP, LLP f/k/a Eagan Avenatti, LLP<br><br>Debtor | Case No. 8:19-bk-10822-CB<br><br>Chapter 11 (Dismissed)<br><br>**RECEIVER'S SUR-REPLY IN SUPPORT OF ORDER TO SHOW CAUSE RE SANCTIONS: FILING CASE IN VIOLATION OF THE JOINT STIPULATION RE ORDER APPOINTING RECEIVER AND ISSUING RESTRAINING ORDER**<br><br>**Hearing Date and Time:**<br>Date:   May 8, 2019<br>Time:  10:00 a.m.<br>Place:  411 West Fourth Street<br>          Santa Ana, CA 92701<br>          Courtroom 5D |

Brian Weiss, the court appointed receiver (the "Receiver") for the estate of Trial Group, LLP, f/k/a Eagan Avenatti, LLP ("EA") submits his sur-reply in support of this Court's Order To Show Cause In Violation Of The Joint Stipulation Re Order Appointing Receiver And Issuing Restraining Order (the "OSC").

In his purported reply (the "Reply") to the OSC, Avenatti argues that "the Receiver does not dispute or provide any authority contradicting the case law cited by Avenatti that a debtor generally has the absolute right to file a bankruptcy despite a pending federal receivership…" Reply at 5:21-23.  This is, to be charitable, a straw man argument: The Receiver is not claiming that the debtor EA lacked the authority to go into bankruptcy, he is claiming that *Avenatti* lacked the authority to place EA into bankruptcy.  In fact, Avenatti's failure to acknowledge controlling law in this Circuit is far worse. Cal. Rules of Professional Conduct, Rule 3.3(a)(1) and (2).

*In re Sino Clean Energy, Inc.,* 901 F.3d 1139 (9th Cir. 2018) discusses the issue of who has authority to file a bankruptcy petition on behalf of a legal entity.  In *Sino*, the debtor (Sino) had a receiver appointed in May 2014, prior to the filing of bankruptcy.  The order appointing that receiver granted the receiver, *inter alia*, the power to reconstitute Sino's board of directors, which he did, replacing the board with a sole director.  *Id.* at 1140-41.  In July 2015, the former chairman and CEO (Baowen Ren) purported to "reconstitute" the former Sino board of directors, and thereafter filed a voluntary petition for Chapter 11 relief on behalf of Sino.  The bankruptcy court dismissed that action in August of 2015, holding that, at the time the petition was filed by Ren and the former board members, the petition was filed without corporate authority because the Sino board of directors had been replaced by the Receiver under state law (per the receivership order).

The Ninth Circuit affirmed, citing to *Oil & Gas Co. v. Duryee*, 9 F.3d 771 (9th Cir. 1993), and stating the following:

> A voluntary petition for bankruptcy under § 301 is commenced by the filing of a bankruptcy petition by an entity that may be a debtor . . . State law determines who has the authority to file a voluntary bankruptcy petition on behalf of a debtor. *Price v. Gurney*, 324 U.S. 100, 106-07, 65 S. Ct. 513, 89 L. Ed. 776 (1945); *see also Keenihan v. Heritage Press, Inc.,* 19 F.3d 1255, 1258 (8th Cir. 1994) ("A person

2

filing a voluntary bankruptcy petition on a corporation's behalf must be authorized to do so, and the authorization must derive from state law.").

. . . .

We ruled that, pursuant to the rehabilitation order, the rehabilitator was the only person authorized to commence bankruptcy proceedings on behalf of Oil & Gas. Id. As a result, we held that the individual not authorized by the rehabilitation order who was purporting to file bankruptcy on behalf of the corporation was an "impostor," and the action was "null and void" as "fraudulently filed." Id. That same logic applies in this instance.

Id. at 1141-42.

*El Torero Licores v. Raile (In re El Torero Licores),* No. SACV 13-00875-VAP, 2013 U.S. Dist. LEXIS 179953 (C.D. Cal. Dec. 20, 2013)[1] dealt with a similar issue.  The debtor, El Toro Licores, was placed into a receivership by the Orange County Superior Court in September 2011.  In September 2012, the superior court granted the receiver's *ex parte* application, vesting her with the sole authority to file a bankruptcy petition on behalf of the debtor.  *Licores*, 2013 U.S. Dist. LEXIS 179953 *2-3.  On January 22, 2013, the Bonilla Brothers (who formally ran the debtor) filed a Chapter 11 petition on behalf of El Toro Licores.  On February 8, 2013, the bankruptcy court (on the Receiver's motion) dismissed the bankruptcy stating, "Debtor lacked authorization to file bankruptcy in view of the vesting in the Receiver of the exclusive authority to file." *Id.* at *3.

The District Court affirmed, stating the following:

Here, the state court entered an order on September 13, 2012 vesting Receiver with the sole authority to file a bankruptcy petition on behalf of Debtor. (AER at 231-32.) The order also explicitly deprived the Bonilla Brothers of any power to file bankruptcy on behalf of Debtor. (Id.) Therefore, under state law, none of the Bonilla Brothers have authority to file a bankruptcy petition on behalf of Debtor.

. . . .

---

[1] Virginia A. Phillips, Chief Judge for the United States District Court for the Central District of California presiding.

3

> The Receivership Order . . . does not divest Debtor from the its power to seek bankruptcy protection; **rather, the order identifies *who* has the power to file the bankruptcy petition on behalf of Debtor.** As the Supreme Court stated in Price, "nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation." Price, 324 U.S. at 107. Thus, the Receivership Order does not run contrary to Congress's right to enact uniform laws of bankruptcy or change the application of bankruptcy laws to debtors.
>
> The Bonilla Brothers also cite In re Cash Currency Exch., 762 F.2d 542, 552 (7th Cir. 1985) for the proposition that "the exclusivity of an administrative receiver's title to all assets under state law is irrelevant in the determination whether a particular entity may file for bankruptcy relief . . . a corporation may not be precluded by state law from availing itself of federal bankruptcy law." (Appellant Br. at 6) (quoting Cash Currency, 762 F.2d at 552). **As stated above, however, the Receivership Order does not preclude Debtor from availing itself of bankruptcy protection but only restricts who may file the petition on its behalf. If Receiver determines that it is in the best interest of Debtor to file bankruptcy, Receiver has the power to do so.**

*Id.* at *16-19 (emphasis added).  This is precisely the same issue that is currently before the Court (and was before the Court in dismissing the bankruptcy case that Avenatti filed for "the Trial Group").  Regardless of Avenatti's perceived "authority", the reality was that he (i) had no such authority; (ii) was on actual notice that he had no such authority; and (iii) had voluntarily agreed to give up that authority.

Lastly, Avenatti argues in his "Reply" that he believed he could exercise the reserved jurisdiction of this Court from the 2017 EA bankruptcy case.  Avenatti apparently has forgotten that this Court abstained from this case in the fall of 2018 and divested itself of jurisdiction

4

entirely.  Docket No. 585 from *In re Eagan Avenatti*, 8:17-bk-11961-CB states the following:

> Bankruptcy Case Closed - DISMISSED. An Order dismissing the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, **or that the jurisdiction of this Court continue, it is ordered that the case is closed.** (Daniels, Sally) (Entered: 10/23/2018)

*In re Eagan Avenatti*, 8:17-bk-11961-CB, Docket No. 585 Entry (text only) (emphasis added).

Regardless of what Avenatti *believed* he could do, the reality was (i) he could not do so and (ii) he was on actual notice that he could not do so.  Moreover, if Avenatti *truly* believed this was what he was doing, he would have moved to re-open the prior case, *not* file a new bankruptcy case from scratch.

Dated: May 2, 2019

LANDAU GOTTFRIED & BERGER LLP

By    /s/ Jack A. Reitman
    Jack A. Reitman
Attorneys for Brian Weiss, Receiver for Eagan Avenatti, LLP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **_Receiver's Sur-Reply in Support of Order to Show Cause Re Sanctions: Filing Case in Violation of the Joint Stipulation Re Order Appointing Receiver and Issuing Restraining Order_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/02/19,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael Avenatti**   mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- **James C Bastian**   jbastian@shbllp.com
- **Jason M Frank**   jfrank@lawfss.com, mnowowiejski@lawfss.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Melissa Davis Lowe**   mlowe@shbllp.com, ncarlson@shbllp.com
- **R Gibson Pagter**   gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- **Jack A Reitman**   jareitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com
- **John P Reitman**   jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com
- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **James R Selth**   jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **05/02/19** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| The Honorable Catherine Bauer<br>Central District of California<br>Ronald Reagan Federal<br>Building and Courthouse<br>411 West Fourth Street, Suite<br>5165 / Courtroom 5D<br>Santa Ana, CA 92701-4593 | Frank Sims & Stolper LLP<br>19800 MacArthur<br>Boulevard, Suite 855<br>Irvine, CA 92612 | United States Trustee<br>411 W. Fourth St.<br>Suite 7160<br>Santa Ana, CA 92701 | Michael Avenatti<br>450 Newport Ctr. Dr.<br>2nd Floor<br>Newport Beach, CA 92660 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 2, 2019 | Sarah Richmond | */s/ Sarah Richmond* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*